PATTERSON, O'BRIEN, McLAUGHLIN and HATCH, JJ., concurred.

Order affirmed, with ten dollars costs and disbursements.

---

In the Matter of Proving the Last Will and Testament of JULIA A. ANDERSON, Deceased, as a Will of Real and Personal Property.

WILLIAM H. CORBIN, as Sole Executor, etc., of JULIA A. ANDERSON, Deceased, Appellant; ALVIN E. ANDERSON, Respondent.

*Open commission — when proper in a contested probate proceeding — the witnesses to be examined thereunder should be named therein.*

A will executed at Salt Lake City in the State of Utah was offered for probate in the county of New York. The husband of the decedent contested the probate of the will on the ground that the decedent did not have testamentary capacity and that the will was the result of undue influence; that the decedent was a resident of the State of Colorado, and that under the laws of that State it was not competent for her to will more than one-half of her estate away from the contestant as she had attempted to do. The decedent had apparently resided at Colorado Springs, in the State of Colorado, and at Salt Lake City, in the State of Utah, for a period of over a year prior to her death.

*Held,* that it was proper for the surrogate, under section 897 of the Code of Civil Procedure, to issue an open commission to be executed in Salt Lake City and in Colorado Springs for the examination of any witnesses, including the subscribing witnesses, that might be produced by either the proponent or the contestant;

That the witnesses who were to be examined should have been named in the order granting the commission.

APPEAL by the petitioner, William H. Corbin, as sole executor, etc., of Julia A. Anderson, deceased, from an order of the Surrogate's Court of the county of New York, entered in said Surrogate's Court on the 9th day of February, 1903, granting an open commission to take the testimony of witnesses in the States of Colorado and Utah.

*Frank E. Blackwell*, for the appellant.

*David Gerber*, for the respondent.

INGRAHAM, J. :

This is a probate proceeding whereby the proponent, the sole executor named in the last will and testament of Julia A. Anderson, late of the county of New York, asks to probate her will and codicils thereto, which were executed at Salt Lake City, in the State of Utah, where she died on the 11th day of October, 1902. The husband of the decedent interposed an answer objecting to the probate of the instrument on various grounds, whereupon the proponent was granted by the surrogate a commission to take the testimony of the subscribing witnesses at Salt Lake City, in the State of Utah, upon interrogatories annexed to the commission. Before the commission was sent the contestant applied to the Surrogate's Court for an order directing two open commissions, one directed to Salt Lake City, and one to Colorado Springs, to examine witnesses who might be produced by either party on or before a day specified, upon oral questions to be put to the witnesses. This application was made upon the affidavit of the contestant (husband of the decedent) which alleged that the contestant is a beneficiary under the will offered for probate to the extent of $2,000 only ; that the decedent left personal estate to the amount of at least $25,000; that the will was procured by undue influence ; that the decedent had not testamentary capacity ; that under the laws of the State of Colorado, where it is alleged the decedent was a resident, a married woman cannot bequeath away from her husband more than one-half of her property ; that in June, 1900, the decedent was adjudicated an habitual drunkard, and a committee of her person and property was appointed, which commission was in force up to the time of her death ; that the decedent moved to Colorado in 1901, and was married to the contestant in

the city of Colorado Springs, State of Colorado, on the 2d day of May, 1902; that they thereafter lived together in said State as husband and wife until some time in July or August, 1902, when the decedent, under her physician's advice, went to Salt Lake City, State of Utah; that she remained in Salt Lake City continuously until her death, which occurred on October 11, 1902; that during the latter part of the decedent's sojourn in Colorado, Fannie M. Bedlow, the mother of the deceased and sole beneficiary under the will offered for probate, was with the decedent, endeavoring by threats or persuasion to induce her to abandon her husband, the said contestant, and threatening to bring proceedings to annul the marriage on the ground of insanity; that during the whole of decedent's illness in Salt Lake City she was under the control and influence and surrounded by the friends of the said Fannie M. Bedlow, and that the contestant's only communication with his said wife during that period was by correspondence. The contestant then specifies several witnesses at Colorado Springs and several at Salt Lake City who are material witnesses upon the question involved in this proceeding, and " that there are other witnesses in both cities whose names or addresses deponent has not been able to obtain, who will be able to testify for contestant on the said issues;" that several of the witnesses that the contestant wishes to examine are acquaintances of and known to the said Fannie M. Bedlow, and some of them were employed and paid by her for services in connection with the last illness and death of the decedent; that, therefore, an oral cross-examination of said witnesses is absolutely necessary in order to obtain a full and truthful statement of the facts within their knowledge relevant to the issues in this proceeding. Upon these affidavits the surrogate granted open commissions to Salt Lake City and Colorado Springs to examine upon oath the witnesses named by the contestant, and also any other witnesses who might be produced before the commissioner by either party on or before a day named, the witnesses to be specified by a written notice to the attorney for the proponent, to be given not less than twenty days prior to the time of such execution. I think that there is here presented a condition that justified an open commission under section 897 of the Code of Civil Procedure. The will was executed in Salt Lake City. The testatrix had apparently resided at Colorado Springs

and Salt Lake City for a period of over a year prior to her death, and the question as to her testamentary capacity and the influence that surrounded her at the time of the making of the will must necessarily be proved by witnesses who had relations with her during this year and at 'the time the will was executed, and the undue influence or lack of testamentary capacity can only be proved by testimony as to the details of her life. Both the execution of the will and the general conditions that existed at the time it was executed, the persons who had the care of the decedent at the time of the making of the will, and the nature of the influence exercised upon her, can be much more satisfactorily inquired into by an oral examination than by an examination upon written interrogatories; and my conclusion is that this question can be much better disposed of if all the witnesses, including the subscribing witnesses to the will, are examined under an open commission than under a commission with interrogatories annexed. The proponent must prove the will by evidence taken in Salt Lake City, and the evidence relied on to defeat the probate must come from witnesses who reside there. The witnesses, however, who are to be examined should be named in the order. The proponent, as well as the contestant, should have the right to name any witnesses that he desires to examine. The order should be modified so as to name the witnesses to be examined at Salt Lake City and Colorado Springs on behalf of either of the parties to this proceeding, and as modified affirmed, with ten dollars costs and disbursements to the respondent, to abide the final decree in this proceeding.

PATTERSON, O'BRIEN, McLAUGHLIN and HATCH, JJ., concurred.

Order modified as directed in opinion, and as modified affirmed, with ten dollars costs and disbursements to the respondent to abide the final event.