(114 App. Div. 538)

### ORDWAY v. RADIGAN et al.

(Supreme Court, Appellate Division, First Department. July 12, 1906.)

1. DEPOSITIONS—OPEN COMMISSION.

　　Under Code Civ. Proc. § 895, providing that an applicant for a commission to take testimony cannot be examined in his own behalf under sections 893, 894, providing for an open commission and for a commission to examine wholly or partly on oral questions, a defendant, in an action against himself and another for goods sold to them, was not entitled to the examination of the other defendant on an open commission, or on a commission to examine wholly or partly on oral questions.

2. SAME—EXAMINATION UPON INTERROGATORIES.

　　Code Civ. Proc. § 887, provides that, on the application of either party, showing that the testimony of a witness without the state is material

to the applicant, a commission may be issued for an examination of the witness named therein upon interrogatories annexed to the commission. *Held*, that an order for a commission issued under the statute should provide that it is issued to examine witnesses upon interrogatories annexed thereto, and the witnesses should be named therein.

[Ed. Note.—For cases in point, see vol. 16, Cent. Dig. Depositions, §§ 57, 71.]

**3. SAME—OPEN COMMISSION.**

Code Civ. Proc. § 893, provides that the court to which an application for a commission is made may in its discretion direct in the order that a commission issue without written interrogatories, and that the depositions be taken on oral questions, or partly upon oral questions and partly upon interrogatories. *Held* that, where a commission is issued under the statute, the order must expressly provide that the depositions be taken upon oral questions, or partly upon oral questions and partly upon interrogatories.

**4. SAME.**

Code Civ. Proc. § 894, provides for the issuance of an open commission to take the testimony of witnesses without the state on the application of either party. In an action for goods sold one of the defendants moved for the issuance of a commission to take the testimony of his codefendant without the state, the affidavit in support of the motion showing that the moving party was informed and believed that his codefendant was without the state, but the affidavit did not set forth the sources of his information or grounds of his belief, and an affidavit of the attorney for defendants stated positively that the defendant in question was not within the state, but the means of his knowledge did not appear. *Held*, that the facts were insufficient to justify the issuance of an open commission.

Appeal from Special Term, New York County.

Action by Aaron P. Ordway against Bernard Radigan and another. Appeal by plaintiff from an order granting a motion of defendants for a commission to take the evidence of defendant Carl Muller and other witnesses. Reversed.

Argued before O'BRIEN, P. J., and McLAUGHLIN, PATTERSON, LAUGHLIN, and CLARKE, JJ.

Charles Goldzier, for appellant.
Frederick C. Simons, for respondents.

LAUGHLIN, J. This is an action for goods sold and delivered to defendants, for goods consigned to them, and for moneys expended on their account. The defendants interposed a counterclaim for damages for a breach of contract, by which it is alleged that the plaintiff constituted the defendants his general agents for the sale in the Philippine Islands of a compound manufactured by him in the United States known as "sulphur bitters," and gave them the exclusive right to there sell said compound, and agreed that he would not, directly or indirectly, sell or ship said compound for sale in the Philippine Islands to any other person, company, or corporation. The evidence sought to be procured under the commission is upon the issue as to whether the plaintiff violated these covenants designed to protect the defendants in their right to the exclusive agency, and upon the quantum of damages as well. The order does not expressly specify whether the commission authorized is an open commission, or one upon interrogatories, or partly upon interrogatories and partly upon oral ques-

tions. It directs that a commission issue to one Lyon, an attorney at law residing in Manila, "to examine under oath Carl Muller, one of the defendants herein, as a witness on behalf of the defendants, in which the plaintiff shall be at liberty to join, and any other witnesses who may be produced by either party." A commission may, in a proper case, issue to examine a party as well as a witness upon interrogatories, pursuant to the provisions of section 887 of the Code of Civil Procedure; but this application is made by the defendants without the consent of the plaintiff, and it is expressly provided in section 895 of the Code of Civil Procedure that the applicant for the commission cannot be examined in his own behalf pursuant to the provisions of section 893 and section 894 of the Code of Civil Procedure, which provide for an open commission and for a commission to examine wholly or partly upon oral questions. A commission, therefore, could only issue to examine the defendant Muller upon interrogatories to be annexed thereto.

If the order was granted under section 887 of the Code of Civil Procedure, it should have provided that the commission was issued to examine the witnesses upon interrogatories to be annexed thereto, and all of the witnesses to be examined should have been named therein (Code Civ. Proc. § 887; Matter of Anderson's Will, 84 App. Div. 268, 82 N. Y. Supp. 683); and if it was intended to authorize a commission wholly or partly upon oral questions or an open commission, it should have been so expressly provided in the order (Code Civ. Proc. §§ 893, 894).

The facts presented are insufficient to justify the court in issuing an open commission, which virtually transfers the place of trial to another forum, and for that reason such commissions are only granted in very extreme cases. Darling v. Klock, 74 Hun, 248, 26 N. Y. Supp. 445; Stewart v. Russell, 66 App. Div. 543, 73 N. Y. Supp. 249.

The defendant Muller is in charge of the branch office of the defendants at Manila. The affidavit of the defendant Radigan shows that he is informed and believes that his codefendant is without the state of New York, but he does not set forth the source of his information of the grounds of his belief. The affidavit of the attorney is positive and to the effect that Muller is not within the state of New York, but how he is in a position to have greater knowledge of the fact than Muller's partner in business does not appear.

We are of opinion, therefore, that the order should be reversed, with $10 costs and disbursements, and motion denied, with $10 costs, but with leave to renew. All concur.