(120 App. Div. 6)

DEERY v. BYRNE et al.

(Supreme Court, Appellate Division, First Department. June 7, 1907.)

1. DEPOSITIONS—COMMISSION TO TAKE TESTIMONY—NONRESIDENCE OF WITNESS.

   A reference by agreement of a disputed claim against an estate is an action in the Supreme Court in which an issue of fact has been joined, within the purview of Code Civ. Proc. § 893, which expressly provides that, when an issue of fact has been joined in an action pending in the Supreme Court, a commission may issue to take the depositions of witnesses without the state upon oral questions.

2. SAME—PROCEEDINGS IN WHICH THEY MAY BE TAKEN.

   The authority to issue commissions to take depositions applies to actions instituted under Code Civ. Proc. § 2718, providing for the ascertainment and payment of claims against estates, as well as to actions begun by service of summons.

   [Ed. Note.—For cases in point, see Cent. Dig. vol. 16, Depositions, § 24.]

**3. SAME—DISCRETION OF COURT.**

　　Where it becomes necessary to take the testimony of a witness without the state, the class of commission to be issued must rest in judicial discretion; and, where it can be fairly seen that a commission on written interrogatories will fully answer the ends of justice, the adverse party should not be put to the expense or inconvenience incident to the proper execution of commissions on oral questions or an open commission.

　　[Ed. Note.—For cases in point, see Cent. Dig. vol. 16, Depositions, § 63.]

**4. SAME—COMMISSION FOR ORAL EXAMINATION—EXPENSES.**

　　Where a person was obliged to sue an estate in this state, and it was essential to his cause of action to show the genuineness of signatures to documents in the possession of a company in another state, it was proper to issue a commission to take the depositions upon oral questions, where it was doubtful whether the material evidence could be obtained on written interrogatories; but, as it did not clearly appear that the evidence could not be elicited on written interrogatories, the commission should issue upon condition that plaintiff pay in advance the reasonable expense to which defendants would be put thereby.

　　Appeal from Special Term.

　　Action by John Jerome Deery against Elizabeth M. Byrne and others. From an order allowing a commission to take depositions upon oral questions, defendants appeal. Modified.

　　Argued before INGRAHAM, LAUGHLIN, CLARKE, SCOTT, and LAMBERT, JJ.

　　Edward J. McGuire, for appellants.

　　Herbert D. Cohen, for respondent.

　　LAUGHLIN, J. This is a reference by agreement, pursuant to section 2718 of the Code of Civil Procedure, of a disputed claim against an estate, which makes it an action in the Supreme Court in which an issue of fact has been joined. The Legislature has expressly prescribed in section 893 of the Code of Civil Procedure that, where an issue of fact has been joined in an action pending in the Supreme Court, a commission may issue by consent of the parties, or by order of the court without such consent, to take the depositions of witnesses without the state upon oral questions. The authority to issue commissions applies to actions instituted under said section 2718 of the Code of Civil Procedure, as this was, as well as to actions begun by service of a summons. Paddock v. Kirkham, 102 N. Y. 597, 78 N. E. 214. The court properly scrutinizes an application for a commission to examine witnesses without the state upon oral questions, or for an open commission authorized by section 894 of the Code of Civil Procedure, which neither requires that the witnesses be named nor limits their number, to the end that a party having the election whether to bring an action here or elsewhere should not be permitted, after bringing the action in this jurisdiction, to transfer the place of trial to another forum, and to the end, also, that the adverse party should not be put to the expense or inconvenience incident to the proper execution of such commissions, where it can be fairly seen that a commission on written interrogatories will fully answer the ends of justice. Ordway v. Radigan, 114 App. Div. 538, 100 N. Y. Supp. 121; Frounfelker v. D., L. & W. R. R. Co., 81 App. Div. 67, 80 N. Y. Supp. 711.

In any case where the testimony of a witness is taken by commission, whether upon written interrogatories, or in the form of a deposition on oral questions, or under an open commission, neither the court nor the jury has an opportunity to scrutinize the testimony of the witnesses by their appearance or conduct upon the stand. That objection to the issuance of a commission applies alike to the various classes of commissions authorized. The commissions which have heretofore been regarded with disfavor by the courts are open commissions, in which no witnesses are named and where there is no limit to the number that may be produced or examined by either party (Code Civ. Proc. § 894); but the courts have not always discriminated between those and commissions to examine designated witnesses on oral questions, and they are often erroneously classed together. We are of opinion that in many cases the ends of justice will be subserved by a liberal exercise of the authority to issue commissions to take the testimony of designated witnesses on oral questions; due regard being had, however, to the rights of the adverse party. When it becomes necessary to take the testimony of a witness without the state, it is apparent that the class of commission to be issued must rest in judicial discretion, to be exercised according to the particular facts presented. There is less likelihood that a witness will testify falsely if examined orally than if examined on written interrogatories; and, if he should, it is more likely that a cross-examination orally will be effective than if it be confined to written interrogatories. The only serious objection to issuing a commission to examine designated witnesses on oral questions is the expense to which the adverse party may be subjected in sending counsel familiar with the facts to attend the execution of the commission, and it may well be that in some instances it would be necessary for the party, or for one representing him, familiar with the subject-matter of the litigation, to likewise attend, in order that his counsel might be enabled to properly cross-examine the witnesses. These objections may be met, according to the justice of the case and in the discretion of the court, by requiring the moving party to pay a reasonable amount for such expenses as a condition of granting the commission upon oral questions, instead of upon written interrogatories.

In the case at bar, the plaintiff had no election as to his forum. He was obliged to sue the estate here, and it is doubtful whether the material evidence could be obtained on written interrogatories. It is essential to his cause of action to show the genuineness of the signatures to many documents in the possession of the Equitable Trust Company of Philadelphia, Pa., and to examine the witnesses with reference thereto. This, of course, can only be done intelligently by the presence of the original papers. If the commission were limited to written interrogatories, it is apparent that difficulty might be encountered in getting the original documents before the witnesses. We are of opinion, therefore, that it was proper to issue a commission to take the depositions of the witnesses upon oral questions; but, as it does not clearly appear that the evidence could not be elicited on written interrogatories, we think it should have been upon condition that plaintiff should pay in advance the reasonable expense to which the defendants will be put thereby, including counsel fee, and that the order should have been

in the alternative—that the commission to examine the witnesses upon oral questions issue upon the payment of the allowance for such expenses, the amount to be fixed by the court and specified in the order, within a period of time to be therein specified, in default of which the commission should issue upon written interrogatories.

It follows that the order should be modified, without costs, as indicated in this opinion; the amount to be paid for such expenses to be determined on the settlement of the order. All concur.