### STUART et al. v. SPOFFORD.

(Supreme Court, Appellate Division, First Department. November 22, 1907.)

1. DEPOSITIONS—ORAL EXAMINATION—PARTIES TO SUIT.

Under Code Civ. Proc. § 895, providing that an applicant for a commission to take testimony cannot be examined in his own behalf on oral questions, except by consent of the parties, an order that the witness, one of two coplaintiffs, be examined upon such oral questions as the counsel for the plaintiffs and the defendant may think proper, is unauthorized.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 16, Depositions, § 12.]

2. COSTS—SECURITY—STAY ON FAILURE TO FILE UNDERTAKING—WAIVER.

Since an order requiring security for costs is a stay of proceedings, the fact that defective security is given and served on defendant, who retains the same, no motion to set aside or vacate the order having been made, is not sufficient to make valid an order directing a commission to issue to take testimony on behalf of plaintiff.

Appeal from Special Term.

Action by Thomas G. Stuart and another against Paul N. Spofford. From an order that a commission issue to take the testimony of a witness on behalf of the plaintiffs, defendant appeals. Reversed.

Argued before PATTERSON, P. J., and INGRAHAM, McLAUGHLIN, HOUGHTON, and SCOTT, JJ.

James R. Knapp, for appellant.
Charles M. Parsons, for respondents.

INGRAHAM, J. This order, so far as it allows the examination of one of the plaintiffs upon oral questions, violates section 895 of the Code of Civil Procedure. It is there expressly provided that a commission to examine wholly or partly upon oral questions could not be issued where the witness to be examined is a party to the action and is making the application on his own behalf, except by consent of the parties (Ordway v. Radigan, 114 App. Div. 538, 100 N. Y. Supp. 121); and the provision that the witness is to be examined "upon such oral questions at said examination as the counsel for the plaintiffs and the defendant may think proper" is, therefore, unauthorized. It seems to me, however, that the plaintiffs' proceedings were stayed in consequence of their having failed to give the security for costs required by the order of August, 1896. That order required that the plaintiffs either deposit the sum of $250 to be applied to the payment of the costs, if any, awarded against them, or, at their election, file with the clerk of the county of New York an undertaking to the defendant, with two sureties, to the effect that they would pay upon demand to the defendant all costs which may be awarded to him in the action, not exceeding $500. No such undertaking has been filed. No motion was made to vacate or modify this order. The plaintiffs

filed an undertaking for $250 which was served upon the defendant, but that was not a compliance with the order of the court, and the stay was not thereby vacated. The fact that the defendant did not return the undertaking as not a compliance with the order did not waive or vacate the stay. The order was not void. It stayed the plaintiffs' proceedings until such undertaking should be filed and served; and the plaintiffs were not authorized to comply with the order of the court so far as it pleased them, and disregard its other provisions, and then claim, because the defendant had simply rested upon the order, its provisions were waived.

The order appealed from should be reversed, with $10 costs and disbursements, and the motion denied, with $10 costs, with leave to renew the application for a commission upon written interrogatories when the order requiring security for costs is complied with. All concur.