### WALLACE v. D. APPLETON & CO.

(Circuit Court, S. D. New York. May 6, 1908.)

COURTS—UNITED STATES—DEPOSITIONS—FOLLOWING STATE PRACTICE.

Under Code Civ. Proc. N. Y. tit. 3, c. 9, art. 2, relating to the taking of depositions outside of the state, and the practice of the state courts thereunder, which practice the federal courts are authorized to follow by Act March 9, 1892, c. 14, 27 Stat. 7 (U. S. Comp. St. 1901, p. 664), commissions for the oral examination of either named or unnamed witnesses will be issued only under exceptional circumstances.

[Ed. Note.—Conformity of practice in common-law actions to that of state court, see notes to O'Connell v. Reed, 5 C. C. A. 594; Nederland Life Ins. Co. v. Hall, 27 C. C. A. 392.]

Henry W. Jessup, for plaintiff.
Sullivan & Cromwell, for defendant.

WARD, Circuit Judge. Act March 9, 1892, c. 14, 27 Stat. 7 (U. S. Comp. St. 1901, p. 664), permits depositions of witnesses in cases pending in courts of the United States to be taken in the mode prescribed by the laws of the state in which the courts are held. The taking of depositions of witnesses without the state of New York to be used within the state is regulated by article 2, tit. 3, of chapter 9 of the Code of Civil Procedure. The witnesses must be named in the commission and examined on written interrogatories annexed to it. It is true that discretion is given to the court or judge to issue a commission for the examination of named witnesses on oral examination or an open commission under which unnamed witnesses may be examined orally; but it is a fixed practice of the state courts to issue the latter commissions only under the most exceptional circumstances Deery v. Byrne, 120 App. Div. 6, 104 N. Y. Supp. 836.

I think a commission should issue to enable the defendants to examine witnesses in Jerusalem, and will give them the option: (a) Of an open commission, upon condition of first paying the plaintiff $2,500 for his expenses; (b) a commission to examine named witnesses, in-

cluding the Cavass in the employment of the American Consulate at Jerusalem, who is, I think, sufficiently described, upon condition of first paying the plaintiff $1,500 for his expenses; or (c) a commission to examine named witnesses, including said Cavass, upon written interrogatories, the defendants paying a reasonable sum to the plaintiff for translation of cross-interrogatories, if necessary.

The trial to await the return of the commission, order to be settled on notice.