(138 App. Div. 178.)

BERGSTROM et al. v. RIDGWAY CO.

(Supreme Court, Appellate Division, First Department. May 6, 1910.)

1. DISCOVERY (§ 41*)—EXAMINATION BEFORE TRIAL—MATERIALITY OF TESTIMONY.

Examinations of an adverse party before trial are allowed only when the examination is necessary, and the evidence is material so as to be relevant and admissible at trial.

[Ed. Note.—For other cases, see Discovery, Cent. Dig. § 54; Dec. Dig. § 41.*]

2. DISCOVERY (§ 73*)—EXAMINATION—ADMISSIBILITY OF TESTIMONY.

On the examination of an adverse party before trial, the court will not as a rule, in a doubtful case, construe the pleadings to determine what

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

may be proved thereunder, but, if the testimony sought may prove relevant for the examining party, the examination will generally be allowed, leaving its admissibility to be determined at trial.

[Ed. Note.—For other cases, see Discovery, Cent. Dig. § 88; Dec. Dig. § 73.*]

3. LIBEL AND SLANDER (§ 56*)—JUSTIFICATION—FACTS CONSTITUTING JUSTIFICATION—"BUCKET SHOP."

An alleged libel consisted of a magazine article entitled "Bucket Shop Sharks," and stated that the business of bucket shop keeping was followed by persons calling themselves "bankers and brokers" who fleeced their customers by pretended sales and purchases of stock; that H. was one of the members of plaintiff firm of "bankers and brokers"; that his picture was in the rogues' gallery; and that these were but specimens of the thieves who plied their trade as keepers of bucket shops while posing as "bankers and brokers." The complaint denied that H. was ever a member of their firm, or that they were brokers, or had ever done business as "bankers or brokers" or as brokers, or advertised themselves as such. The answer alleged that H. became "associated with the plaintiffs in their business" without stating in what capacity, and that plaintiffs held themselves out as "bankers"; their principal business being the promotion of corporate enterprises and marketing the capital stock of mining enterprises, which stocks plaintiffs and H. knew were practically worthless.· *Held*, that a justification must be as broad as the alleged libel and justify the exact words of the libel, and the facts alleged in the answer did not amount to a justification of the libel alleged, which was keeping a "bucket shop"; that term meaning a place where wagers·are made on the fluctuations of the market value of commodities.

[Ed. Note.—For other cases, see Libel and Slander, Cent. Dig. §§ 151–156; Dec. Dig. § 56.*

For other definitions, see Words and Phrases, vol. 1, p. 886.]

4. LIBEL AND SLANDER (§ 60*)—MITIGATION.

Nor were the facts alleged in the answer a defense by way of mitigation and reduction of damages; they not even tending to prove the libelous matter in part.

[Ed. Note.—For other cases, see Libel and Slander, Cent. Dig. § 160; Dec. Dig. § 60.*]

5. LIBEL AND SLANDER (§ 60*)—MITIGATION—"MITIGATING CIRCUMSTANCES."

Mitigating circumstances are such as tend to an appreciable extent to· prove the truth of the charge, though not completely proving it, so as to permit an inference that defendant was not actuated by malice, and' must be connected with or bear upon the libelous charge.

[Ed. Note.—For other cases, see Libel and Slander, Cent. Dig. § 160; Dec. Dig. § 60.*

For other definitions, see Words and Phrases, vol. 5, p. 4545.]

6. LIBEL AND SLANDER (§ 61*)—MITIGATION—OTHER WRONGS.

Defendant cannot show in mitigation of damages in libel other and' disconnected wrongful acts by plaintiff, though he may attack plaintiff's· general character.

[Ed. Note.—For other cases, see Libel and Slander, Cent. Dig. §§ 161,. 316; Dec. Dig. § 61.*]

Ingraham, P. J., and Dowling, J., dissenting.

Appeal from Special Term, New York County.

Action by Oscar B. Bergstrom and another, doing business as Berg-- strom & Co., against the Ridgway Company. From an order refusing

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes·

to vacate an order for the examination of one of plaintiffs as witness before trial, plaintiffs appeal. Reversed, and motion granted.

See, also, 119 App. Div. 889, 105 N. Y. Supp. 1107.

Argued before INGRAHAM, P. J., and CLARKE, McLAUGH-LIN, SCOTT, and DOWLING, JJ.

Oscar B. Bergstrom, for appellants.

Clarence J. Shearn, for respondent.

SCOTT, J. The plaintiffs appeal from an order denying a motion to vacate an order for the examination of the plaintiff Bergstrom before trial. The affidavit upon which the order for examination is based conforms to all the technical requirements of such an affidavit, and states specifically just what the defendant expects to prove by plaintiff's testimony. The action is for damages for libel. The answer pleads both by way of justification and in mitigation of damages the same facts which it now proposes to prove by the deposition of the plaintiff Bergstrom. The objections to the examination urged by the plaintiffs are, in brief, that the matters alleged in the answer and concerning which it is desired to examine the plaintiff constitute, even if true, no defense to the whole or any part of plaintiffs' cause of action, and do not constitute a partial defense, or a mitigation, or cause for a reduction of plaintiffs' damages; and that on the trial such testimony if elicited upon examination before trial could not be read in evidence. The principles applicable to order for the examination of adverse parties before trial have been so often discussed in recent opinions of this court that it is unnecessary to restate them at length. It is sufficient to say that, while orders for such examinations are upheld with much greater freedom than was formerly the case, they may still be granted only when it is made to appear that the examination is material and necessary to the party seeking the examination, and this means that the evidence to be elicited may be such as will be relevant and admissible upon the trial. If it is apparent that the testimony sought to be obtained cannot be used upon the trial as a part of the case of the party seeking the examination, the order for examination should not be granted, and, if granted, should be vacated on motion. It is not always easy to determine in advance of the trial just what evidence may prove to be relevant and admissible, and the court will not as a rule, in a doubtful case, undertake to construe the pleadings and determine what may, and may not, be proved under them. In such a case, if the court can see that under the pleadings the testimony sought to be elicited may prove to be relevant and admissible as a part of the case of the party, whether plaintiff or defendant, who seeks the examination, such an examination will generally be permitted to be had, leaving the relevancy and admissibility of the testimony to be determined on the trial. We are embarrassed, however, by no such difficulty in the present case, for we have before us the libel and the testimony which it is sought to elicit from the plaintiff Bergstrom to sustain the defendant's pleas of justification and in mitigation. It is true that the same matters are pleaded in the answer, but this does not necessarily render proof of them material, because the question still

remains whether they can be proved either in justification or in mitigation of damages. This presents a question of law which can as well be determined now as upon the trial. The libel of which plaintiffs complain was printed in a popular magazine published by defendant in an article entitled "Bucket Shop Sharks." The libel describes the business of bucket shop keeping as being that pursued by certain persons styling themselves "bankers and brokers," who fleece their customers by making pretended sales and purchases of stock, and then charges that:

"While Alexander J. Halter is one of the members of the firm of Bergstrom & Company 'Bankers and Brokers' at 68 William Street, New York, Halter is known to his intimates as 'Hippopotamus' and his picture is in at least one Police Rogues' Gallery. These are but specimens from the legion of thieves who ply their trade throughout the United States as keepers of Bucket Shops, while posing before the public as 'Bankers and Brokers.'"

The plaintiffs, among other things, specificially deny that Halter is or ever was a member of their firm of Bergstrom & Co.; that they are or ever were brokers; that they have ever done business as brokers or as "bankers and brokers," or have ever engaged in the business of buying or selling stocks on commission, or have ever held themselves out by advertisement or otherwise as "bankers or brokers." The matters pleaded by defendant first in justification, and later in mitigation of damages, and to establish which it seeks to examine the plaintiff Bergstrom, do not purport to sustain the statements contained in the libel. It is alleged that in 1905 Halter became "associated with the plaintiffs in their business" (how or in what capacity is not stated), while the libel charges that he was "one of the members of the firm." It is alleged that plaintiffs held themselves out as "bankers," not as the libel charged "as bankers and brokers." It is further alleged that the principal business engaged in by plaintiffs was "the promotion of corporate enterprises and the marketing of the capital stock of mining enterprises"; that such stocks, as plaintiffs and Halter knew, were practically worthless, and had no market value; and that plaintiffs attempted to create a fictitious market value by "wash" sales on the curb and other devices. These practices, if indulged in by plaintiffs, were highly reprehensible and perhaps some of them were criminal, but they were not what the libel charged the plaintiffs with, and bore no relation to the equally reprehensible business of "bucket shop keeping," which is what the libel specifically charged against plaintiffs. That this is the precise charge in the libel is confirmed by the defendant's brief, in which it is said that: "The sting of this libel is that plaintiffs fleeced the public by bucket shopping." The term "bucket shopping" has come to have a well-defined meaning, and has even been defined by judicial utterances as "a place where wagers are made on the fluctuations of the market price of grain and other commodities." Bryant v. Western Union Tel. Co. (C. C.) 17 Fed. 825; Smith v. Western Union Tel. Co., 84 Ky. 664, 2 S. W. 483. There is nothing in common between such a business and that which the answer charges the plaintiffs with carrying on. They differ radically in manner and method. It seems to be certain that the matter thus pleaded in the answer, and sought to be elicited upon the plaintiff's examination, is insufficient as

a justification, and could not be received in evidence in support of the plea of justification for a justification must be as broad as the charge, and must justify the precise charge contained in the libel. Ogden on Libel & Slander, p. 130.

As was said in Powers v. Skinner, 1 Wend. 451:

"A charge of misconduct of a specified kind is not justified by proving the plaintiff guilty of misconduct of a similar character. If the plaintiff is charged with perjury in the libel, the defendant cannot prove him guilty of larceny."

The same allegations are pleaded in a separate defense both in mitigation and reduction of damages. We find the same objection to the admissibility of the proposed evidence under this plea. It does not tend to prove the libel even in part, or in any degree tend toward such proof. The rule upon this subject is well settled. In Mattice v. Wilcox, 147 N. Y. 624, 42 N. E. 270, the Court of Appeals said:

"Mitigating circumstances are those which, while not proving the truth of the charge, do yet tend in some appreciable degree toward such proof and thus permit of an inference that defendant was not actuated by malice in his charge. They must be of such a nature as to show that defendant, though mistaken, believed the charge to be true when it was made. The mitigating facts must be connected with, or bear upon, the defamatory charge. * * * The circumstances must otherwise be such as tend to disprove malice by showing that the words were spoken in the honest belief that they were true, with some reason for such belief, and without malice or evil design."

So also the same court said in Hamilton v. Eno, 81 N. Y. 125:

"None of these things could lessen the responsibility for charging the plaintiff with having taken a bribe. The matter that will serve to mitigate damages must be connected with or bear upon the defamatory charge. If the defendant had set up facts which had a natural tendency to induce belief that the plaintiff had taken illicit reward, or if he had averred that from all or any of the facts averred in his answer he was led to and had that belief when he made his publication, he might ask that such be considered in mitigation of damages. This case was otherwise. There was nothing in the matter stated in the last paragraph of the defendant's answer that tended to prove the truth of the charge, or to show that there was induced in the defendant a belief of the truth of it."

Nor would the evidence be admissible in reduction of damages as tending to show the plaintiff's general bad character, for "it is well settled that a defendant cannot show in mitigation of damages for a specific libel other and disconnected immoralities, but can attack only the plaintiff's general character." Holmes v. Jones, 147 N. Y. 59, 41 N. E. 409, 49 Am. St. Rep. 646. The matters pleaded in the sixth paragraph of the answer would be clearly inadmissible under a plea of mitigation. Oakes v. Star Company, 119 App. Div. 358, 104 N. Y. Supp. 244. Our conclusion is that none of the testimony which it is sought to elicit from the plaintiff Bergstrom would be admissible upon the trial in support of the defendant's case. It is not therefore material and necessary within the meaning of the Code and the General Rules of Practice.

It follows that the order appealed from must be reversed with $10 costs and disbursements, and the motion to vacate granted, with $10 costs.

McLAUGHLIN and CLARKE, JJ., concur.

INGRAHAM, P. J. I dissent. The issues which are to be tried are those presented by the pleadings. If the pleadings present an issue to be tried, then either party is entitled to examine witnesses to prove the facts alleged, and, on an order for the examination of a party before trial, I do not see that the court should determine whether a cause of action or defense is sufficient, leaving that to be determined upon the trial where a determination can be reviewed. It is conceded in the prevailing opinion that these matters about which the defendant seeks to obtain the plaintiff's testimony are pleaded both in justification and in mitigation of damages. By the prevailing opinion the court attempts to determine that these facts are not available to the defendant under either plea; the court saying that this presents a question of law which can be as well determined now as upon the trial. It is to this statement that I dissent, as I think a party is entitled to have that question determined on the trial, so that a determination can be reviewed, and not upon a motion of this kind, where there is no review. It seems to me that the affidavit in this case is sufficient under section 873 of the Code of Civil Procedure, and that the defendant was entitled to examine the plaintiff before trial, and the order appealed from properly denied the plaintiff's motion to prevent such an examination.

DOWLING, J., concurs.