(79 Misc. Rep. 65.)

### TROWBRIDGE v. TOWNSEND et al.

(Supreme Court, Special Term, New York County. January, 1913.)

WILLS (§ 314*)—COMMISSION TO TAKE TESTIMONY.

>     In an action to set aside probate of a will for want of testamentary capacity and undue influence, defendant executor who is a residuary legatee is entitled to a commission for the examination of his codefendants, who are legatees, and the plaintiff, as to an estrangement between testator and his next of kin, and as to testator's testamentary capacity.

>     [Ed. Note.—For other cases, see Wills, Cent. Dig. § 741; Dec. Dig. § 314.*]

Action by Katherine B. Trowbridge against James M. Townsend, executor of Joseph Parker, and others. Motion for commission for examination of plaintiff and certain codefendants. Motion granted.

Order affirmed, 139 N. Y. Supp. 1148.

Jerome, Rand & Kresel, of New York City (William Trayers Jerome and Isidor J. Kresel, of New York City, of counsel), for plaintiff.

Nicoll, Anable, Lindsay & Fuller, of New York City (Courtland V. Anable, of New York City, of counsel), for defendant James M. Townsend, individually and as executor, in support of motion.

Strong & Mellen, of New York City (Charles H. Strong, of New York City, of counsel), for defendants Robert A. France and S. Frank Chamberlin.

Joseph Sapinsky, of New York City, for defendant Edwin A. Hotchkiss, in opposition to motion.

PAGE, J. This is a motion for a commission pursuant to section 893 of the Code of Civil Procedure for the examination of the plaintiff and certain codefendants of the applicant in New Haven, Conn. The action is brought to set aside the probate of a will on the grounds of undue influence and mental incapacity of the testator. The defendant Townsend, who is the party seeking the examination, is the executor and residuary legatee named in the will. He wishes to examine the plaintiff as to an estrangement which is alleged to have existed between the testator and his next of kin and also concerning the testamentary capacity of the testator. The codefendants whom he desires to examine are also legatees under the will, and the defendant Townsend states that his object in examining them is to prove the mental capacity of the testator by their observation of his acts and doings in the last years of his life. To procure the issuance of a commission upon written interrogatories under section 887 of the Code, the applicant need only show that he wishes in good faith to examine witnesses who at the time of the application are without the state, and whose testimony is material to the party seeking the examination. By the subsequent sections 893 and 894–897, it is placed within the discretion of the court in certain cases to issue the commission without written interrogatories or to issue an open commission for the examination of any witnesses to be produced by either party where good reasons there-

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes.

for are shown. The manner in which this discretion is exercised is demonstrated in the case of Deery v. Byrne, 120 App. Div. 6, 8, 104 N. Y. Supp. 836, 838, wherein the Appellate Division of this department said in part:

"The commissions which have heretofore been regarded with disfavor by the courts are open commissions in which no witnesses are named and where there is no limit to the number that may be produced or examined by either party; but the courts have not always discriminated between those and commissions to examine designated witnesses on oral questions, and they are often erroneously classed together. We are of opinion that in many cases the ends of justice will be subserved by a liberal exercise of the authority to issue commissions to take the testimony of designated witnesses on oral questions; due regard being had, however, to the rights of the adverse party. When it becomes necessary to take the testimony of a witness without the state, it is apparent that the class of commission to be issued must rest in judicial discretion to be exercised according to the particular facts presented. There is less likelihood that a witness will testify falsely if examined orally than if examined on written interrogatories, and, if he should, it is more likely that a cross-examination orally will be effective than if it be confined to written interrogatories. The only serious objection to issuing a commission to examine designated witnesses on oral questions is the expense to which the adverse party may be subjected in sending counsel familiar with the facts to attend the execution of the commission."

It is evident that this examination is sought in good faith, and that the testimony to be elicited is material to the applicant. It sufficiently appears that the parties to be examined are without the state, that fact being stated positively on oath by the applicant, and there being no denial and no extrinsic facts to show that the affiant had no personal knowledge, as in the case of Ordway v. Radigan, 114 App. Div. 538, 100 N. Y. Supp. 121, cited in opposition. The offer made by the attorneys opposing this motion to stipulate that the witness would appear for examination at the trial is no ground for denying the motion, as the party has a right to examine these witnesses before the trial in order to determine whether their testimony is sufficient to prove his points or whether he must obtain the witnesses. The fact that other evidence of the same facts is available is likewise no defense to the examination. Goldmark v. United States Electro Galv. Co., 111 App. Div. 526, 97 N. Y. Supp. 1078. It is maintained on behalf of the codefendants that section 895 of the Code, providing that the applicant cannot be examined in his own behalf under sections 893 and 894, is a complete bar to their examination. They cite in support of this proposition the case of Ordway v. Radigan, supra, in which an examination of a codefendant who was a partner of the applicant and pleading with him was denied. That case and the section quoted have no application to the facts of this case, for the reason that here the codefendants sought to be examined are apparently hostile parties to this defendant, and are not pleading with him. While as legatees their interest in upholding the will would seem to be identical with that of the applicant, the fact that they have appeared and willfully defaulted in pleading, and that they have joined hands with the plaintiff in opposing the defendant Townsend, would seem to be sufficient to justify a conclusion that they are not applicants for examination in their own behalf within the meaning of the Code. It is further claimed that the com-

mission should not issue to examine these defendants because they are legatees interested in the will, and therefore incompetent witnesses under section 829 of the Code as to personal transactions with the decedent. Even conceding that section 829 would apply to a case of this kind, it would seem that these witnesses could be examined as to the conduct of the decedent bearing upon his testamentary capacity without giving any evidence of personal transactions had by them with him. It cannot easily be determined in advance of the examination whether the evidence will be competent or not, and this court will not pass upon that question at this time, but will leave the parties to their objections at the time of the examination and at the trial. Bergstrom v. Ridgway Co., 138 App. Div. 178, 123 N. Y. Supp. 29. It is clear that the commission should issue in some form, and in view of the hostility of the witnesses, and the importance and general nature of the inquiry, I am of the opinion that an oral examination and cross-examination of these witnesses would better serve the ends of justice than written interrogatories. As stated in Deery v. Byrne, supra, the only objection to an oral commission is the expense to which it subjects the parties in compelling them to engage counsel to attend at a distant location. In the present instance the place of examination, though in another state, is so near to the place of trial that this feature is almost negligible, especially in view of the fact that the parties concerned all reside in New Haven, where the examination is to be held. The motion is granted.

Motion granted.