## PARSONS v. HARRY DOWIE CO.

(Supreme Court, Appellate Term, First Department.   April 18, 1916.)

1. Courts ⬅190(2)—Municipal Courts—Decisions Reviewable—Orders.
    Under Municipal Court Code (Laws 1915, c. 279) § 154, subd. 8, providing for an appeal from an order which the court had no power to make, an appeal will lie from an order of the Municipal Court granting plaintiff's motion for an open commission to take testimony in a foreign state, where the court was without authority to make such order.
    [Ed. Note.—For other cases, see Courts, Dec. Dig. ⬅190(2).]

2. Courts ⬅190(5)—Municipal Courts—Open Commission.
    Municipal Court Code, § 101, declares that on affidavit of either party to an action that the testimony of witnesses not within the city of New York is material, the court shall issue a commission.   Section 103 provides that, when an application has been made as provided in section 101, a commission may, in the discretion of the court, issue without written interrogatories.   Section 105 declares that, except as otherwise provided, all matters as to the issuance, execution, and return of the commission shall be governed by the provisions applicable if the action were in the Supreme Court.   Code Civ. Proc. § 895, declares that the applicant cannot be examined in his own behalf as provided in previous sections without the consent of the parties.   On motion by plaintiff, who was a nonresident, an open commission to take the testimony of plaintiff and such other witnesses as might be offered in his behalf at the place of plaintiff's residence was ordered.   *Held*, that as, in view of sections preceding Code Civ. Proc. § 895, the examination of a nonresident party can be had only on written interrogatories, a stay pending appeal from the order should be granted.
    [Ed. Note.—For other cases, see Courts, Dec. Dig. ⬅190(5).]

Appeal from Municipal Court, Borough of Manhattan, First District.

Action by Albert C. Parsons against the Harry Dowie Company. Defendant moves for a stay pending an appeal from an order of the Municipal Court granting plaintiff's motion for an open commission, and plaintiff moves to dismiss the appeal from such order. Motion for stay granted, and motion for dismissal of appeal denied.

Argued April term, 1916, before GUY, COHALAN, and WHITAKER, JJ.

Winslow, Keenan & Budd, of New York City, for appellant.
Phelan Beale, of New York City, for respondent.

GUY, J.   In the Municipal Court, upon an affidavit made by one of the attorneys for the plaintiff in this action to the effect that the plaintiff resides in King City, Mo., and is not a resident of the city of New York; that said plaintiff will not be within said city or the jurisdiction of the court at the time of the trial of this action; that it is necessary to take his testimony and that of other witnesses, and upon notice to the defendant the court below granted plaintiff's motion that an open commission issue "to take the testimony of the plaintiff and such other witnesses as may be offered on his behalf at the city of King City, Mo., upon oral questions and answers."   The defendant appealed from such order, and moves for a stay of the trial

⬅For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

until the hearing of the appeal therefrom, and the plaintiff moves to dismiss the appeal upon the ground that the order is not an appealable one.

[1, 2] To determine whether or not the order appealed from falls within the purview of section 154, subdivision 8, of the Municipal Court Code, which provides for an appeal from an order which "the court had not the power to make," we must first ascertain whether the facts necessary to give the court jurisdiction to make the order were stated in the affidavit upon which the same was based, as required by section 101 of the Municipal Court Code, and also whether those sections of that Code, and of the Code of Civil Procedure made applicable thereto, confer jurisdiction upon the court to make the order aforesaid. If the averments in the affidavit were insufficient to warrant the issuance of the commission, or if none of the sections of the Municipal Court Code, or of the Code of Civil Procedure properly applicable thereto, give power to the court to grant the order, then the court below had no jurisdiction in the premises, and the order is an appealable one.

Section 101 of the Municipal Court Code was taken from section 893 of the Code of Civil Procedure, and provides as follows:

"When it appears by affidavit upon the application of either party to an action or special proceeding that the testimony of one or more witnesses, not within the city of New York, is material to the applicant's case, the court shall issue a commission," etc.

Section 103 of the Municipal Court Code provides that:

"When issue has been joined in an action or special proceeding and an application has been made as provided in section 101, a commission may, in the discretion of the court, issue without written interrogatories, or partly upon written interrogatories and partly upon oral questions."

Section 105 of the Municipal Court Code provides that:

"Except as otherwise provided in this act or in the rules, all matters with respect to the issuance, execution and return of the commission, the disposal of it when returned and the effect of the deposition as evidence, shall be governed by the provisions applicable if the action were in the Supreme Court and the deposition taken without the state for use within the state."

In order, then, to determine within what limitations a commission to take the testimony of witnesses outside the city may issue out of the Municipal Court, resort must be had to those sections of the Code of Civil Procedure made applicable to the Municipal Court by section 105, supra. The only section of the Code of Civil Procedure that need be referred to in this case is section 895, which reads as follows:

"The last two sections are not applicable, where the party is an infant, or the committee of a person judicially declared to be incapable of managing his affairs, by reason of lunacy, idiocy or habitual drunkenness. Nor can the applicant be examined in his own behalf, as prescribed in those sections, except by consent of the parties."

In the case of Ordway v. Radigan, 114 App. Div. 538, 100 N. Y. Supp. 121, it was held (syllabus):

"When an application is made to examine a nonresident party to an action in his own behalf, as well as other witnesses, without the consent of the other party, the examination can only be upon interrogatories, and an examination upon an open commission, or an examination wholly or partly upon oral questions, is unauthorized. In such a case not only must the interrogatories be annexed to the order, but all the witnesses to be examined must be named."

"Open commissions, which have the effect of transferring the place of trial to another forum, are only granted in extreme cases."

The affidavit in the case at bar, upon which the order appealed from is founded, is silent as to the name of a single witness, except the plaintiff, and except as to him fails to show what testimony is expected to be obtained from the other witnesses or how it is in any way material. A reading of the last paragraph of section 895 of the Code of Civil Procedure, which declares that an applicant cannot be examined in his own behalf, as provided in sections 893 and 894, except by consent of the parties, would seem to indicate that the court below had no power to make the order appealed from.

We do not intend to pass upon the merits of the appeal upon this motion, but simply to indicate that there are sufficient grounds to warrant the granting of a stay pending the appeal taken from the order.

Motion for stay granted, and motion for dismissal of the appeal denied. All concur.