Dore, J.
(dissenting). Defendant, a bank controlled by the present Government of Hungary, moved to take testimony on written interrogatories of four witnesses in the city of Budapest, Hungary. Two of the witnesses, John Emoeddi, a director of the bank in charge of its records, and Doctor Stephen Szaaszy, a professor of law at the University of Budapest, were to testify as to documents and Hungarian law. Plaintiff has agreed that Mr. Emoeddi’s testimony be dispensed with if the papers are forwarded to the court with an affidavit identifying the documents as records of the defendant. With respect to Professor Szaaszy, plaintiff has agreed that his legal opinions also may be submitted in affidavit form. As to both of these witnesses, plaintiff waives the right of cross-examination. Under the circumstances in the light of the type of evidence they are to disclose, a denial of the motion would be proper as to these witnesses on condition that the plaintiff consents to the affidavits as above indicated.
The other two witnesses, one the chairman of defendant’s board of directors, and the other its general manager, on the material dates herein, were to testify to some alleged fraud or deceit consisting of the fact that plaintiff did not inform defendant that he intended to depart from Hungary to the United States to establish a permanent residence and seek American citizenship and to show the materiality of such concealment from defendant’s management. Obviously, a deposition relating to such an issue of fraud and deceit cannot properly be disposed of, especially under the circumstances disclosed in .this record, on mere interrogatories. It would be practically impossible for plaintiff to phrase cross interrogatories and the only way to ascertain the truth is by an open deposition.
In an application of this kind the type of commission to he issued must rest in sound judicial discretion of the court to be exercised according to the particular facts presented (Deery v. Byrne, 120 App. Div. 6 [1st Dept.]). Under the circumstances disclosed in this record, I think the Special Term after a careful examination of the facts properly reached the conclusion that justice imperatively requires that defendant’s proposed witnesses be orally examined before an American Consular officer not in Budapest, Hungary, but in Geneva, Switzerland.
There is nothing to show that defendant may not bring the witnesses here in time for the trial and there is every reason to believe that if the deposition be conducted in Hungary under present circumstances and in view of this plaintiff’s relation to the present Hungarian regime, the defendant bank being under governmental control, it would not be possible to obtain the truth or do justice between the parties.
Accordingly, I dissent and vote to affirm.
Glennon, J. P., Callahan, Van Voorhis and Shientag, JJ., concur in Per Curiam Opinion; Dore, J., dissents and votes to affirm, in opinion.
Order modified so as to provide for the examination of the witnesses Walko and Lamotte on written interrogatories and, as so modified, affirmed, with $20 costs and disbursements to the appellant. Settle order on notice. [194 Misc. 232; 196 Misc. 157.]