ASSOCIATION FOR THE PRESERVATION OF FREEDOM OF CHOICE, INC., et al., Appellants, v. NATION ASSOCIATES, INC., Respondent.—

The allegations that plaintiff Donald A. Swan had been guilty of particular wrongdoing and had engaged in certain criminal activities as contained in paragraph "5", are not so related to the charge or the truth thereof as to be allowable as the basis of a defense or partial defense. (See *Crane* v. *New York World Tel. Corp.*, 308 N. Y. 470, 477; also *Holmes* v. *Jones*, 147 N. Y. 59, 68; *Schieffelin* v. *Hylan*, 178 N. Y. S. 652, 659, affd. 190 App. Div. 903; *Bergstrom* v. *Ridgeway Co.*, 138 App. Div. 178, 182.) The plaintiffs do not attack the sufficiency of the second defense insofar as it tends to establish justification. Certain allegations therein are, however, sought to be stricken as not tending to support the defense of justification or a rolled up plea of justification and fair comment. Bearing in mind that the "plea of truth as justification must be as broad as the alleged libel and must establish the truth of the precise charge therein made" (*Crane* v. *New York World Tel. Corp., supra*, p. 475), the particular allegations here stricken may not stand as supporting a plea of justification. It is clear, too, that such allegations do not tend to sustain the defense as a rolled up plea of justification and fair comment. It is settled that to support a plea of fair comment, the alleged libel must in whole or in part be a matter of comment or opinion rather than the assertion of a factual proposition and must be based upon facts truly stated. (See *Foley* v. *Press Pub. Co.*, 226 App. Div. 535, 544; *Hoeppner* v. *Dunkirk Print. Co.*, 254 N. Y. 95; *Briarcliff Lodge Hotel* v. *Westchester Newspapers*, 260 N. Y. 106; see, also, *Dolcin Corp.* v. *Reader's Digest Assn.*, 7 A D 2d 449; *Shenkman* v. *O'Malley*, 2 A D 2d 567.) An alleged defense of fair comment is not sustainable where the alleged libelous state-

752

ments are not construable as an expression of comment or opinion but are statements of fact. (*Sherman* v. *International Pubs.*, 214 App. Div. 437; also *Foley* v. *Press Pub. Co.*, *supra*.) Insofar as the stricken allegations tend to establish partial truth or mitigating circumstances, they may be set up in a partial defense. (See *Crane* v. *New York World Tel. Corp.*, *supra*; *Mattice* v. *Wilcox*, 147 N. Y. 624; *Melman* v. *News Syndicate Co.*, 239 App. Div. 249.) The third affirmative and the third partial defenses are not sustainable on the theory that they set forth facts showing or tending to show a fair and true report of a judicial proceeding, a legislative proceeding or other official proceeding. (See Civ. Prac. Act, § 337.) Bearing in mind the foregoing, the defendant should put its pleading in proper form by serving a new and amended answer, complete as to denials and defenses. Settle order on notice. Concur — Botein, P. J., Breitel, Rabin, Stevens and Eager, JJ.