HENNING v. BOYLE.

(Circuit Court, S. D. New York. December 7, 1901.)

DEPOSITIONS—FEDERAL PRACTICE—ISSUANCE OF SUBPŒNA.

A commission will not be granted by a federal court to take testimony in a law action when the more convenient method prescribed by Rev. St. § 863, is available. By such section the right is given to a party absolutely to take testimony in the manner prescribed, on reasonable notice, where the witness lives at a greater distance than 100 miles from the place of trial. Application for subpœna must be made to the clerk of the federal court in the district where the witness resides and the examination is to be made, who has authority to issue it without an order of court, subject to such requirements as may be imposed by the practice prevailing in the district. In the Southern district of New York it is the practice to require an applicant for a subpœna under said section to file an affidavit showing that a cause is actually pending, and that notice of the examination has been given.

On motion for commission made in a cause at issue on the common-law side of the court.

Nicoll, Anable & Lindsay, for the motion.

LACOMBE, Circuit Judge. Plaintiff has applied in the alternative for a commission to take the testimony of a witness in Kentucky, or for a subpœna to require his attendance there. He is mistaken in his practice. The method of taking testimony by commission is cumbersome and unsatisfactory, and not resorted to when the convenient method of taking proof prescribed by section 863, Rev. St. U. S., is available. That section provides for the case of a witness who lives at a greater distance than 100 miles from the place of trial. No order or other direction of the court is required antecedent to such examination. The right to take it upon notice merely, in the manner prescribed, is given absolutely to the party by act of congress. If question is to be raised as to the reasonableness of the notice, or as to the regularity of the proceedings, it may be raised by motion to suppress. With this efficient and simple method of taking proof available, the party is in no position to ask for a commission. Nor can this court make an order or issue a subpœna requiring the witness to attend in Kentucky to be examined under section 863. Its process to secure attendance of witnesses does not run more than 100 miles from the court house.

The section provides: "Any person may be compelled to appear and depose as provided by this section, in the same manner as witnesses may be compelled to appear and testify in court." That manner is as follows: The party wishing to compel the attendance goes to the office of the clerk of the court where the trial is to be had, and obtains from him an original writ of subpœna and a copy,

no application to the judge therefor being required. He then has the witness served in the regular way. Should the latter disobey the subpœna and fail to attend, proof is made to the court of the default and of the issuing and service of subpœna, whereupon an attachment is issued, which the marshal executes by taking the witness and producing him in the court room. As was indicated above, this process of subpœna is issued by the clerk of the court where the trial is had. Under the language of section 863, the clerk of the federal court in the district where the witness is to be examined would seem to be the proper person to apply to for such process, and to have abundant authority in the matter. What the practice in other districts is I do not know. Heretofore in this district, when application was made under section 863, the clerk always issued process of his own motion; but in recent years it has been the practice to require the party applying to submit an affidavit showing that a cause was actually pending, and that notice of examination had been given. Thereupon the issue of subpœna is approved by the court.

Plaintiff should give ample notice of the examination, and then should apply to the clerk of the federal court in the district where the witness resides. That officer undoubtedly has power to issue the subpœna. If a similar practice prevails there (as here), an affidavit showing bona fides of the application should also be filed.

This motion is denied.