HYAMS v. FEDERAL COAL & COKE CO. et al.

(Circuit Court of Appeals, Fourth Circuit. April 9, 1907.)

No. 673.

1. EQUITY—PROOFS—MODE OF TAKING.

Judiciary Act Sept. 24, 1789, c. 20, § 30, 1 Stat. 88, authorizing federal courts to require a party to adduce his evidence orally in open court on final hearing was repealed by Rev. St. § 862 [U. S. Comp. St. 1901, p. 661], declaring that the mode of proof in equity causes shall be according to rules now or hereafter prescribed by the Supreme Court, except as otherwise specially provided.

2. SAME—EQUITY RULES—INSTRUCTIONS.

Amendment May 15, 1893 to Equity Rule 67 [149 U. S. 793, 13 Sup. Ct. iii], providing that on due notice given as prescribed by previous order, the court may, in its discretion, permit the whole or any specific part of the evidence to be adduced orally in open court on final hearing does not authorize the court to require an unwilling party to so adduce evidence and forego his right to use the methods prescribed by the rule prior to amendment.

Appeal from the Circuit Court of the United States for the Northern District of West Virginia, at Clarksburg.

John W. Davis (G. M. Alexander and Davis & Davis on the brief), for appellant.

John Bassel and John M. Freeman (W. S. Meredith and Watson & Freeman on the brief), for appellees.

Before GOFF and PRITCHARD, Circuit Judges, and McDOWELL, District Judge.

McDOWELL, District Judge. This suit in equity was instituted by the appellant on December 26, 1905; the bill being filed in the

clerk's office on that day. Six days prior thereto complainant had given the defendant the Federal Coal & Coke Company notice that he would, on December 26th, present his bill to the judge of the trial court and move for the appointment of a receiver of all the property of said defendant. It is said in the brief of counsel for appellant that the motion for the appointment of a receiver was not made on that day, and we find in the record no order by the court showing that the motion was on that date made or continued. Counsel for the appellees, defendants below, appear to have believed that the motion was tacitly continued. On December 26, 1905, the answer of the defendants was filed.

On February 24, 1906, the following order was entered:

"Upon application of the defendants herein, it is ordered that the motion for a receiver in this cause, together with any other matters pertinent thereto, be set for hearing at Clarksburg, West Virginia, on the first day of March, 1906, and it is further ordered that the witnesses and written testimony, if any, shall be examined and offered orally at the bar of the court, instead of by depositions, upon the hearing of said motion.

"It is further ordered that a copy of this order be served upon the plaintiff or any of his counsel."

"Indorsements.

"Enter: Febry. 24, 1906, Alston G. Dayton, Judge."

It seems that the motion was not made under this order and on March 10th, a notice was served on counsel for complainant below reading as follows:

"Notice is hereby given you that application will be made to Honorable Alston G. Dayton, Judge of the District Court of the United States for the Northern District of West Virginia, at his office in Philippi, in said district, on March the 12th, 1906, to set the above-styled cause for hearing upon the application for the appointment of a receiver at Clarksburg, West Virginia, on March 22nd, 1906, and that an order be entered by him requiring that the evidence adduced in support of and against said application be offered orally at the bar of the court, in lieu of by deposition or depositions, upon such hearing.
Watson & Freeman,
"Bassel & Meredith,
"Counsel for Defendants."

In the meantime, on March 5th, the March rule day, complainant filed his replication.

On March 12th, the following order was entered:

"Due notice in writing having been given by the defendants to the counsel of the plaintiff or to one of them, that application would be made this day, March 12th, 1906, to set the above-styled cause for hearing at Clarksburg, in said district, on March 22nd, 1906, upon the application for the appointment of a receiver of the property of the defendant, Federal Coal & Coke Company, and notice in writing having also been given to counsel for plaintiff that the court would be requested to have the evidence for and against said motion or application adduced orally at the bar of the court, instead of by deposition or depositions, it is ordered that said motion or application for such receiver be heard at Clarksburg, in said Northern District of West Virginia, on March 22nd, 1906, and that the evidence be adduced orally at the bar of the court upon such hearing. To the action of the court in setting this hearing for said 22nd day of March, 1906, and requiring the evidence to be adduced orally at the bar of the court upon such hearing, the plaintiff, by counsel, objected."

On March 15th, the following notice was served on counsel for complainant:

"Plaintiff in the above-styled cause will take notice that defendants, will, on the 16th day of March, 1906, make application to Hon. Alston G. Dayton, Judge of the District Court of the United States for the Northern District of West Virginia, at his office in Philippi, West Virginia, to set down the above-styled cause for final hearing at Clarksburg, West Virginia, on March 22nd, 1906, as well as upon the application for the appointment of a receiver.

"Watson & Freeman,
"Bassel & Meredith,
"Counsel for Defendants."

On March 17th, the following order was entered:

"Application having been made this day to the Judge of the District Court of the United States for the Northern District of West Virginia, to set down the above-styled cause for final hearing at Clarksburg, in said district, on March 22nd, 1906, as well as upon the application for the appointment of a receiver, and it appearing that due notice in writing of said application has been given to John W. Davis, one of the counsel for plaintiff, it is ordered that said cause be set down for final hearing upon said date, as well as upon the application to appoint a receiver."

On March 22d, complainant filed certain affidavits, not necessary to be here recited, and a written objection setting out sundry reasons why a final hearing of the cause should not be had at that time. Thereupon, the complainant having adduced no evidence, the following final decree was entered:

"This day, March 22nd, 1906, came the parties, by their counsel, and thereupon the plaintiff, by counsel, objected to the final hearing of this cause on this day, and filed his affidavit in support of said objection, and thereupon, the defendants filed the affidavit of Charles Donnelly, president of the defendant Federal Coal & Coke Company in opposition to further delay in the hearing of the cause, and the plaintiff thereupon filed, in support of his objection to the hearing, the joint affidavit of John W. Davis and George M. Alexander, his counsel, and the affidavit of himself, which objections the court overruled and directed the cause to be heard, and thereupon the plaintiff filed his protest or statement of objections in writing to the hearing of this cause, all of which affidavits and protest are ordered to be filed and made part of the record herein.

"And thereupon the cause came to be finally heard this day and was argued by counsel, the plaintiff declining to offer any testimony, and thereupon, on consideration thereof, it is ordered, adjudged and decreed, that the plaintiff's bill be dismissed, and that the plaintiff do pay the defendants their costs herein.

"Indorsements.

"Enter: March 22, 1906. Alston G. Dayton. Judge."

Even if section 30, Judiciary Act Sept. 24, 1789, c. 20, 1 Stat. 88, authorized the federal equity courts to require a party to adduce his evidence orally in open court on final hearing under any and all circumstances, this statute was repealed by section 862 Rev. St. [U. S. Comp. St. 1901, p. 661]. Blease v. Garlington, 92 U. S. 1, 6, 23 L. Ed. 521. There is therefore, no statute which gave the trial court authority to require the complainant to adduce his evidence orally. The amendment to Equity Rule 67, May 15, 1893 (149 U. S. 793, 13 Sup. Ct. iii), provides that:

"Upon due notice given as prescribed by previous order, the court may, at its discretion, permit the whole, or any specific part, of the evidence to be adduced orally in open court, on final hearing."

This language does not seem to us to authorize the court to require an unwilling party to thus adduce his evidence on final hearing. This rule gives the court a discretionary power to allow a party, or both parties, desiring so to do, to thus adduce evidence; but we find nothing to sustain the contention that this rule authorizes the court to compel an unwilling party to forego his right to use the methods authorized by Equity Rule 67 as it stood previous to this amendment. The language "may permit" cannot properly be held to mean "may require" or "may compel."

The propriety of the action of the learned trial court in ordering a final hearing of this cause prior to the expiration of three months allowed by Equity Rule 69 presents an inviting subject for discussion. But, following the usual practice of this court (sanctioned by what is said in the opinion in Mutual Insc. Co. v. Hill, 193 U. S. 551, 553, 24 Sup. Ct. 538, 48 L. Ed. 788), we refrain from expressing an opinion on a question not necessary to be decided in order to dispose of this appeal.

From what has been said, it follows that the decree of the trial court must be reversed, and this cause remanded.

Reversed.