In re NATIONAL EQUIPMENT CO.

(Circuit Court of Appeals, Second Circuit.  March 2, 1912.)

1. DEPOSITIONS (§ 9*)—TESTIMONY DE BENE ESSE—RIGHT TO TAKE.

The right of a party under Rev. St. § 863 (U. S. Comp. St. 1901, p. 661), to have testimony taken de bene esse where the witness lives more than 100 miles from the place of trial, etc., cannot be taken away by a federal District Court or any judge.

[Ed. Note.—For other cases, see Depositions, Cent. Dig. § 4; Dec. Dig. § 9.*]

2. EQUITY (§ 349*)—TESTIMONY IN OPEN COURT—RIGHT TO COMPEL.

Under Supreme Court rule 67, as amended in 1861 (1 Black. 6), so as to provide that, on notice by either party in equity that he desires the testimony to be adduced orally, the witnesses shall be examined before one of the examiners, and as amended in 1893 (149 U. S. 793, 13 Sup. Ct. iii, 37 L. Ed. 1235), providing that, on notice, the court may permit the whole or any part of the evidence to be adduced orally in open court on final hearing, either party may compel the taking of all the testimony, except de bene esse, orally by giving notice; the court being empowered in its discretion to take the place of the examiner, as to the whole or any specific part of the evidence.

[Ed. Note.—For other cases, see Equity, Cent. Dig. §§ 731, 732; Dec. Dig. § 349.*]

Petitions by the National Equipment Company, by James C. Kuhn, by James A. McClurg & Sons, and by Powell's, a corporation, for mandamus against Hon. George C. Holt, United States District Judge for the Southern District of New York.  Petitions dismissed.

These causes come here upon motion for a writ of mandamus directed to the Honorable George C. Holt, District Judge, and the District Court, Southern District of New York, to desist from compelling an unwilling party to an equity suit to adduce orally in open court the whole of his testimony.  The facts in each cause are the same.

The cause being at issue, defendant moved for an order apportioning time under the equity rules, and gave notice that it desired the testimony to be taken orally before an examiner.  Thereupon plaintiff moved that the testimony be taken in open court, and the District Judge made and entered an order that "the whole of the evidence herein be adduced orally in open court on final hearing."

Livingston Gifford, for petitioners.
F. E. M. Bullowa, opposed.

Before LACOMBE, COXE, and WARD, Circuit Judges.

LACOMBE, Circuit Judge (after stating the facts as above).
[1, 2] We prefer not to look into the question whether or not an application for mandamus is proper practice, because the point is not raised on behalf of respondent, and it is desirable that the main question of practice touching the taking of testimony in equity be promptly settled.  Especially so because the District Court in the Southern District of New York has recently adopted a rule in effect January 1, 1912, which reads as follows:

"4. Trials in Open Court.

"If any party to a suit in equity desires a trial in open court upon evidence there to be given orally, he shall move for an order directing that mode of

---

trial upon any general motion day: but if such order be consented to it may be entered at any time without notice."

This rule apparently and the order heretofore made do not apply to testimony which may be taken de bene esse under section 863, U. S. Revised Statutes (U. S. Comp. St. 1901, p. 661), where the witness lives at a greater distance than 100 miles from the place of trial, or is about to go out of the United States, or is ancient or infirm, etc. It would not be within the power of the District Court or of any judge to deprive a party of the rights accorded to him by that section. Indeed, the rules of the Supreme Court in reference to the mode of proof in causes of equity must be construed so as not to conflict with the provisions of that section, for the power of that court to prescribe modes of taking evidence in suits of equity is restricted to modes which are "not inconsistent with any law of the United States." Sections 862, 917, U. S. Rev. Stat. (U. S. Comp. St. 1901, pp. 661, 684).

The sixty-seventh rule was long since amended (1861, 1 Black, 6) so as to provide that:

"Either party may give notice to the other that he desires the testimony to be adduced in the cause to be taken orally, and thereupon all the witnesses to be examined shall be examined before one of the examiners."

It also provides that testimony might be taken on commission by interrogatories—for special reasons, satisfactory to the court or judge. This rule, confining it, of course, to testimony other than that covered by section 863. was not inconsistent with any statute, and was one which the Supreme Court had the power to make. Ever since it was promulgated either side could insist that all the testimony (other than the de bene esse) be taken orally, and no objection of the other side could prevent its being so taken. This long equity rule 67, thus amended, remained substantially unchanged until 1893 (149 U. S. 793, 13 Sup. Ct. iii, 37 L. Ed. 1235), when the following clause was added to it:

"Upon due notice given as prescribed by previous order, the court may, in its discretion, permit the whole or any specific part of the evidence to be adduced orally in open court on final hearing."

Although this clause was added at the foot of the existing rule, probably as a matter of convenience, its logical position is immediately after the earlier provision as to taking evidence orally. Placing it there, and construing it with the clauses to which it is an amendment, the meaning of the whole seems entirely clear. Either party may compel the taking of all the testimony (except de bene esse) orally, by merely giving notice. Such oral testimony is usually adduced before an examiner, but, if the court chooses so to do, it may take the place of the examiner, as to the whole or any specific part of the evidence.

Construing this same rule as amended, the Circuit Court of Appeals for the Fourth Circuit has reached a different conclusion. Hyams v. Federal Co., 152 Fed. 970, 82 C. C. A. 324. It construes the word "permit" as used in contradiction to "compel" or "require," holding that it was intended to apply only to a willing party. If

this construction be right, then the consent of all parties must be had to the taking of any testimony in court, or there will be compulsion of some of them. For instance, if the complainant says, "I want to examine such a witness in open court," and the respondent says, "I object," the court, if it makes an order allowing such witness to be thus examined, "compels" the respondent. It seems to us that the word "permit" was intended to show that an application must be made before the court can act, and that an application by one of the parties only was contemplated, because notice is required to be given.

We are not inclined to concur with the Court of Appeals for the Fourth Circuit, and feel no hesitancy in expressing a different conclusion, because the question involved is not one of substantive law, but is concerned merely with details of practice. Indeed, it is concerned merely with strictly local practice in the Southern District of New York. In the District of Connecticut the local rule provides for a stipulation in writing, signed by the solicitors for both parties, as a pre-requisite to the taking of testimony in open court.

The petition is dismissed.