VICTOR TALKING MACH. CO. v. SONORA PHONOGRAPH CORPORA-
TION (three cases).

(District Court, S. D. New York. February 23, 1915.)

Nos. 10/160, 10/161, 10/163.

1. PATENTS ⚙⇒312—SUIT FOR INFRINGEMENT—EXPERT TESTIMONY—RULES OF
   COURT.
   Rule 7 of the District Court for the Southern District of New York,
   which provides that expert witnesses testifying in patent causes by affi-
   davit shall not give their opinion as to the meaning of any patent claim,
   etc., and that any matter forbidden by the rule may be stricken out, gives
   the court a wide discretion as to striking out such matter, and where there
   is doubt as to its propriety or relevancy the question will not be passed
   upon until the hearing.
   [Ed. Note.—For other cases, see Patents, Cent. Dig. §§ 544–549; Dec.
   Dig. ⚙⇒312.]

2. COURTS ⚙⇒350—DEPOSITIONS—TIME FOR TAKING—EQUITY RULES.
   Under new equity rule 47 (198 Fed. xxxi, 115 C. C. A. xxxi), which pre-
   scribes the time after a cause is at issue within which depositions shall
   be taken, unless otherwise designated by special order, it is the duty of
   the court, on motion of the adverse party, to suppress depositions taken
   after such time and without application for such an order.
   [Ed. Note.—For other cases, see Courts, Cent. Dig. § 923; Dec. Dig.
   ⚙⇒350.]

In Equity. Suits by the Victor Talking Machine Company against
the Sonora Phonograph Corporation. On motions by defendant to
strike out and suppress depositions. Sustained in part.

Waldo G. Morse, of New York City (John L. Lotsch and Jacob
Schechter, both of New York City, of counsel), for the motion.

Fenton & Blount, of Philadelphia, Pa. (Hector T. Fenton, of Phila-
delphia, Pa., of counsel), opposed.

MAYER, District Judge. The motions herein made by defendant
are divided into two branches: (1) To strike out the deposition of an
expert because in violation of rule 7 of this court; and (2) to suppress
various fact depositions alleged to have been taken contrary to rule 47
of the "Rules of Practice for the Courts of Equity of the United
States" (198 Fed. xxxi, 115 C. C. A. xxxi), promulgated by the Su-
preme Court on November 4, 1912, and effective on February 1, 1913.

[1] First. Rule 7 of the District Court of the United States for the
Southern District of New York provides as follows:

"In cases where under Supreme Court rule 48 the direct testimony of ex-
perts in patent causes is taken by affidavit, the witnesses shall not give their
opinion as to the meaning of any patent claim or specification, but their testi-
mony shall be strictly confined to an explanation of the operation of relevant
arts, processes, machines, manufactures, or compositions of matter, and of the
meaning of terms of art or science and of diagrams or formulæ.

"If the affidavit or deposition of any expert witness contain matter forbid-
den by this rule, or irrelevant or immaterial matter, it shall not be answered
by the opposite party, nor shall it be the basis of any cross-examination at
the hearing, and the court at any stage of the cause may strike from any such
affidavit or deposition all such matter."

⚙⇒For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

This rule was adopted in order to confine experts to explanations which would be helpful and instructive to the court in enabling it to understand the art. Whether the patent is valid and/or infringed are questions for the court, and one of the objects of the rule was to reduce the testimony of an expert to its proper and useful limits, instead of permitting it to be an extended argument with a jurat at the end. The rule leaves to the court, as it should, a large measure of discretion as to when to entertain the motion to strike out. It will be observed that the power to strike out is limited to "all *such* matter," meaning, of course, the forbidden irrelevant or immaterial matter. Sometimes, it may be desirable to entertain the motion before the trial; other times, at the trial.

In the suit at bar, much of the expert's deposition seems to be relevant to the issues, and to endeavor to deal with this motion now would, I think, lead to confusion, and perhaps unsatisfactory results. The trial judge, at final hearing, can readily and much more intelligently pass upon the admissibility of the deposition and parts thereof than can be done on a motion at this time, and therefore that part of defendant's motion is denied without prejudice to a renewal at final hearing.

[2] Second. Supreme Court equity rules 47, 53, 54, and 56 (198 Fed. xxxi, xxxiii, xxxiv, 115 C. C. A. xxxi, xxxiii, xxxiv) are as follows:

"47. The court, upon application of either party, when allowed by statute, or for good and exceptional cause for departing from the general rule, to be shown by affidavit, may permit the deposition of named witnesses, to be used before the court or upon a reference to a master, to be taken before an examiner or other named officer, upon the notice and terms specified in the order. All depositions taken under a statute, or under any such order of the court, shall be taken and filed as follows, unless otherwise ordered by the court or judge for good cause shown: Those of the plaintiff within sixty days from the time the cause is at issue; those of the defendant within thirty days from the expiration of the time for the filing of plaintiff's depositions; and rebutting depositions by either party within twenty days after the time for taking original depositions expires."

"53. Notice shall be given by the respective counsel or parties to the opposite counsel or parties of the time and place of examination before an examiner or like officer for such reasonable time as the court or officer may fix by order in each case."

"54. After a cause is at issue, depositions may be taken as provided by sections 863, 865, 866, and 867, Revised Statutes. But if in any case no notice has been given the opposite party of the time and place of taking the deposition, he shall, upon application and notice, be entitled to have the witness examined orally before the court, or to a cross-examination before an examiner or like officer, or a new deposition taken with notice, as the court or judge under all the circumstances shall order."

"56. After the time has elapsed for taking and filing depositions under these rules, the case shall be placed on the trial calendar. Thereafter no further testimony by deposition shall be taken except for some strong reason shown by affidavit. In every such application the reason why the testimony of the witness cannot be had orally on the trial, and why his deposition has not been before taken, shall be set forth, together with the testimony which it is expected the witness will give."

These rules, with others, were designed to expedite the progress of suits in equity. After the lapse of time under the rules, the cause is automatically placed on the calendar, and any departure from the auto-

matic action of the rules in various respects may be had only when "otherwise ordered by the court or judge for good cause shown." If, therefore, after the time expiration, it becomes necessary to take depositions, there is no difficulty in making a proper presentation to the court or judge and obtaining an appropriate order.

It is urged, however, that rule 47 cannot limit the time of taking depositions, in view of section 863 of the United States Revised Statutes (Comp. St. 1913, § 1472), and that, where the witness is one within the purview of that section, a deposition may be taken after the time prescribed in rule 47. But rule 47 refers, among other things, to *"all* depositions taken under a *statute,"* and, as it must be assumed that the Supreme Court was construing (among others) section 863, the validity of the rule is, of course, conclusive upon this court. I see nothing in rule 54 inconsistent with rule 47; nor do I read Henning v. Boyle (C. C.) 112 Fed. 397, and In re National Equipment Co., 195 Fed. 488, 115 C. C. A. 398 (decided prior to February 1, 1913), as contrary to the conclusion now stated.

In the suits at bar, plaintiff gave notice of the taking of depositions on December 20, 1913, some six months after issue was joined. Neither rule 47 nor rule 1 of this court was complied with. Defendant promptly and clearly notified plaintiff that it objected to this taking of testimony by deposition, that its counsel would not attend, and that it would move, at the trial, to strike out the testimony thus taken and for further germane relief. Nevertheless plaintiff proceeded and, in doing so, it took its chances. There was nothing further which defendant was called upon to do. It might have waited until the trial, but, instead, has moved now, and, even if laches were an answer (which I doubt), there is none in this case.

If I have construed the rule correctly, I may add that, on the facts in this case, I doubt the power to make an order nunc pro tunc. If the matter is one of discretion, I think it would be an abuse of discretion to allow, over objection, an order nunc pro tunc which would abrogate the rule, upon the observance of which defendant had the right to rely.

The motion to suppress the fact depositions is granted.