## COOK v. FLAGG.

### (District Court, S. D. New York. June 5, 1916.)

COURTS ☞350—TAKING DEPOSITIONS—STATE PRACTICE.

    Act March 9, 1892, c. 14, 27 Stat. 7 (Comp. St. 1913, § 1476), provides that, in addition to the mode of taking depositions of witnesses in causes pending at law or in equity in the District Court, it shall be lawful to take depositions in the mode prescribed by the laws of the state in which the courts are held. Rev. St. § 863 (Comp. St. 1913, § 1472), provides for the taking of the testimony of any witness by deposition de bene esse when the witness lives at a distance of more than 100 miles from the place of trial, upon notice, before a notary public or other official named. In a suit to establish a trust in funds held by the defendant on the ground that the moneys were obtained by him through false representations to complainant and other customers, complainant moved to take the depositions of customers under the state practice. It appeared that by granting an open commission under state practice, whereby depositions could be taken on written interrogatories, a considerable saving would be effected. Held that, as defendant, if not fully protected, could take the depositions of the customers under section 863, the motion to take depositions under the state practice should be granted.

    [Ed. Note.—For other cases, see Courts, Cent. Dig. § 923; Dec. Dig. ☞350.]

---

In Equity. Bill by Ellsworth E. Cook against Jared Flagg. On motion by complainant to take deposition under the state practice. Motion granted.

Gilbert E. Roe, of New York City, for complainant.
Martin W. Littleton, of New York City, for defendant.

AUGUSTUS N. HAND, District Judge. This is a motion to take the deposition of the complainant on his own behalf under the state practice in an equity suit which the complainant brings on behalf of himself and all other customers of the defendant who might elect to become parties thereto for the purpose of impressing a trust upon the alleged balance of $200,000 in the defendant's hands. The complainant wishes to establish that certain moneys were obtained from him by the defendant, and desires to ask the defendant by written interrogatories certain formal questions to establish his residence and citizenship in order to show the jurisdiction of the court, and likewise questions for the purpose of showing that complainant received certain literature from the defendant containing alleged misrepresentations. It is stated in the moving papers that complainant wishes to examine numerous other customers from whom defendant received moneys, in order to establish misrepresentations made to them, and hereafter expects to apply for such examination. It is provided by the United States Statutes:

"That in addition to the mode of taking the depositions of witnesses in causes pending at law or equity in the District and Circuit Courts of the United States, it shall be lawful to take the depositions or testimony of witnesses in the mode prescribed by the laws of the state in which the courts are held." Act March 9, 1892, c. 14, 27 Stat. 7 (Comp. St. 1913, § 1476).

Section 863 of the Revised Statutes (Comp. St. 1913, § 1472) provides for the taking of the testimony of any witness by deposition de bene esse when the witness lives at a distance of more than 100 miles from the place of trial upon notice before a notary public or certain other official named in the statute. This is the ordinary way of taking depositions for use in the federal court. Judge Lacombe, in the case of Henning v. Boyle (C. C.) 112 Fed. 397, held that the method provided for under section 863 of the Revised Statutes was simpler than the method provided for in the state practice, and refused to make an order that a commission issue. It does not appear, however, that the case before him was not an application for an open commission, and an examination of the files of this court establish that it was such an application.

In the present case there is likely to be a very considerable saving of expense in allowing open commissions for the examination of different customers, who may not have a sufficiently large claim in the fund in question to justify the expense of sending counsel to the various distant places to take their depositions orally. I think the application of the complainant is reasonable and should be granted. If the defendant shall finally ascertain that his rights are not sufficiently protected by this method of examination, there is nothing, so far as I

know, to prevent him from calling any of the customers as witnesses on his own behalf under section 863 of the Revised Statutes.

For the foregoing reason, the motion is granted.

☞For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes