### CONCRETE MIXING & CONVEYING CO. v. GREAT WESTERN POWER CO. OF CALIFORNIA. *

#### No. 1804.

District Court, N. D. California, S. D.

April 25, 1928.

Carey Van Fleet, of San Francisco, Cal., and Williams, Bradbury, McCaleb & Hinkle, of Chicago, Ill., for plaintiff.

Chas. E. Townsend and Wm. A. Loftus, both of San Francisco, Cal., for defendant.

BOURQUIN, District Judge.

Heretofore, plaintiff moved to dismiss, and the court granted the motion, "with prejudice, unless within ten days or time granted, plaintiff pays all costs and expenses of defendant's preparation for trial, and files consent that in any future case of like kind between them, all depositions heretofore taken herein may be used by defendant as they could be in this suit."

In due time, on plaintiff's petition and order procured that defendant file a "verified statement" of said "costs and expenses," the latter complied. Thereafter plaintiff filed the consent aforesaid, attaching the statement that "it is understood * * * plaintiff herein does not waive any legal objections or exceptions to said order or to the orders * * * pursuant thereto."

The verified statement aforesaid was in two parts, one of "taxable costs," and one of "expenses."

The latter included some $12,000 expended for investigation, attorneys' fees, and the like. Subsequently, both appear to have been the subject of taxation before the clerk of the court, who disallowed most of the first and all of the last, and defendant appeals.

■ In the matter of the expenses, it was the judgment of the court when the order was made, and likewise is now, that it would be inequitable to leave it open to plaintiff to renew the litigation in its own time and to impose the necessity for repreparation upon defendant, without having reimbursed the latter for the expenses of preparation in the instant suit, by plaintiff's voluntary and belated dismissal rendered largely, if not wholly, useless. Otherwise, a wealthy litigant could ruin another by repetitions of plaintiff's tactics here. True, the depositions therein taken may be available, but defendant may employ different counsel, requiring new preparation, and, in any case, just compensation, and may even find it wise to produce the witnesses, if living, of the depositions. Other like circumstances will advert to mind.

It is still believed the court's order is within the exception recognized in Re Skinner & Eddy Corp., 265 U. S. 93, 44 S. Ct. 446, 68 L. Ed. 912. And see Pullman's Case, 171 U. S. 138, 18 S. Ct. 808, 43 L. Ed. 108.

■ And that issue is past, so far as this court is concerned. The propriety of the order is not before the court, and can only be questioned in the court wherein and if the litigation is renewed without performance of the condition precedent in the order prescribed, and if urged by defendant.

Then will be determined whether the new suit is barred by the order, whether the order is valid, and, if it is, whether the condition precedent is unperformed. Of course, there is no legal compulsion upon plaintiff to perform the condition, so far as these expenses are concerned; but, inasmuch as defendant's expenses must be determined and the parties have adopted the method of taxation of costs, the court is of the opinion the expenses of defendant in amount $12,454.45 are reasonable and have been necessarily incurred, and finds accordingly.

In respect to the "taxable costs," the clerk of the court disallowed all pertaining to depositions.

■ It appears that defendant's depositions were taken within 60 days after answer filed, but without timely objection to notice of taking and with participation by plaintiff. The clerk held no costs were due, because the depositions were taken before the time fixed by Equity Rule 47 (28 USCA § 723), and, as there was no trial and no presentation of the depositions in evidence, the local rule 54F defeats costs. Section 863, Rev. St. (28 USCA § 639), provides that depositions may be taken in any cause depending, at any time before trial and on reasonable notice. Equity Rule 54 (28 USCA § 723) provides that, after a cause is at issue, depositions may be taken as provided in section 863.

And Equity Rule 47 (28 USCA § 723) provides that the court may permit depositions to be presented in evidence, and to be taken as follows: Those of plaintiff within 60 days after cause at issue, those of defendant within 30 days thereafter.

■ Pretermitting whether the Supreme Court has any power other than its ipse dixit or immunity from appeal, to diminish by its rules rights granted by Congress, it is clear that, in so far as Rule 47 regulates procedure for the convenience of litigants, they can waive its benefits as they can those of any other rule of like kind. And it is equally clear they did waive them here. Plaintiff's failure to object to notice subjects it to the maxim, "Silence, when speech is due, defeats later objection." Moreover, a court of equity sits for a greater purpose than mere vindication of rules, and will not permit the latter to be belatedly invoked or to operate to inequitable ends.

■ The items claimed by defendant and rejected by the clerk are fees for the witnesses, reporters, and notaries of the depositions.

Local Rule 54, par. F, provides that deposition read or offered in evidence shall be deemed to have been admitted in evidence, unless expressly excluded.

The same rule, paragraph D, provides that the fees of reporters and charges of a master or examiner or like officer shall be taxed as costs.

The costs imposed by paragraph D are not dependent upon the offer of the deposition in evidence. Paragraph F may indicate it, but the express grant of paragraph D is not to be defeated by ambiguous and uncertain terms which are counter to principle. Even as fees for witnesses in good faith subpœnaed but not used are taxed as costs, so are those and other expenses of depositions in like circumstances. And, likewise in both cases, if plaintiff prevents their use by dismissal of his case.

It follows that the costs are retaxed in amount $378.25.

So ordered.