DEUTSCH v. SOUTHERN IMPROVEMENT & SECURITIES CORPORATION.

No. 158.

District Court, N. D. Texas, San Angelo Division.

Oct. 26, 1931.

Cornell & Hughes, of San Angelo, Tex., for the motion.

Collins, Jackson & Snodgrass, of San Angelo, Tex., opposed.

ATWELL, District Judge.

This suit in equity was at issue on August 28th. Knaggs v. Cleveland-Cliffs Iron Co. (C. C. A.) 287 F. 314; Quinlivan v. Dail-Overland Co. (C. C. A.) 274 F. 56; equity rule 47 (28 USCA § 723).

On September 15th, plaintiff notified the defendants that he would not use the sixty days given by equity rule 47 to take testimony, but would offer oral testimony at the trial. Thirty days after such notice expired October 15th. The court met October 19th. The cause was on the trial calendar. On October 19th the defendants advised that they would make an application for a continuance on the ground that the main counsel and a material witness were absent. On October 23d such application was made. Between October 19th and October 23d an application was filed to take the testimony of the attorney and of another witness.

■ May the plaintiff waive the sixty days provided by the rules for the taking of his testimony, and, if so, do the defendant's thirty days begin to run from the time of the receipt of the notice of such waiver?

A correct answer to this question is important because equity rule 57 (28 USCA § 723) provides that, "after a cause shall be placed on the trial calendar it may be passed over to another day of the same term, by consent of counsel or order of the court, but shall not be continued beyond the term save in exceptional cases by order of the court upon good cause shown by affidavit and upon such terms as the court shall in its discretion impose."

It is the rule in this district that the clerk shall notify each attorney of record three or four weeks before the opening of a term of court of the date of such happening and of the dates for the trial of the different calendars. Such notices were given the defendant in this case. Disregarding such notice, counsel and the witness went elsewhere.

Equity rules 46, 47, and 56 (28 USCA § 723) are new. They modernize old rules 67, 68, and 69, which were born in 1842. The coming of the new rules was heralded by a number of amendments that had been, from time to time, made to the old. The move was dignified, and results in no loss of time for preparation. Likewise, since a cause is at issue after the filing of the answer, and since testimony may be taken orally in open court as in a case at law, the practicability of the situation is exemplified by the fact that a cause may go to trial at once if the parties so indicate.

It cannot be that equity rule 47 may be used as a stay. Every intendment of present procedure is for the speeding of trials and the prevention of delay or congestion.

Thus, if the plaintiff waives his sixty days and notifies his adversary that he will rely upon oral testimony at the trial, the defendant must proceed within the next thirty days for the gathering of his testimony, if he gives notice so to do, either under the rules or under the provisions of section 863 of the Revised Statutes (28 USCA § 639). The last twenty days belong to either party for rebuttal testimony, but may also be waived.

■ That the rules, as we now have them, were intended to reduce expenses and to prevent delays, clearly appears from the expressions of the Supreme Court in Los Angeles Brush Corporation v. James, 272 U. S. 701, 47 S. Ct. 286, 71 L. Ed. 481.

Cases that do not go as far as this court is now going, but which seem to merit such a construction, are Kandle et al. v. U. S., 4 F.(2d) 183, 184, in which Circuit Judge Davis, speaking for the court of the Third Circuit, said: "Litigants now take testimony in open court at the trial, and there is no need of delaying the trial as was necessary under the old rules. The change in the method of taking testimony was made in order to expedite litigation." In Concrete Mixing & Conveying Co. v. Great Western Power Co. (D. C.) 46 F.(2d) 331, 332, appeal dismissed in (C. C. A.) 48 F.(2d) 1072, Judge Bourquin said: " * * * Rule 47 regulates procedure for the convenience of litigants, they can waive its benefits as they can those of any other rule of like kind."

In Kentucky-Tennessee Light & Power Co. v. City of Paris (C. C. A.) 48 F.(2d) 795, 798, Circuit Judge Denison wrote that: "The objection made is that the time provided by general equity rule 47 (28 USCA § 723) for taking depositions had not expired, and so the setting was premature. We think the rule should not be so applied. It applies only to cases where the court has made an order permitting depositions to be taken; and here there had been no such order."

See, also, Anderson v. Southern Division, etc. (C. C. A.) 20 F.(2d) 132; Cyclopedia of Federal Procedure, volume 3, § 950, page 827.

98

The chancellor may move carefully so as to prevent any injury, and, it appearing here that it is satisfactory to the plaintiff that the large monthly rental accruing from the property in litigation shall be paid to him rather than to remain to be collected by the defendants pending the coming of another term, allows the case to go over, because of that situation rather than because of any other construction than that given above of the rules regarding the taking of testimony.