**PRICE & PIERCE, Limited, v. GILSON BROS., Inc., et al.**

No. 4696.

District Court, E. D. New York.

April 9, 1932.

Hawkins, Delafield & Longfellow, of New York City, for Price & Pierce.

Schlesinger & Krinsky, of New York City, for Gilson Bros.

Davis, Polk, Wardwell, Gardiner & Reed, of New York City, for International Paper Co.

CAMPBELL, District Judge.

This is a motion to vacate or modify notice of taking of deposition.

There are two methods of taking testimony for use in the federal courts: (1) By deposition de bene esse; (2) by commission.

The rules for taking testimony by commission do not apply to taking depositions de bene esse. Giles v. Paxson (C. C.) 36 F. 882.

The methods are alternative, and a party has an absolute right, if he so elects, to follow the practice prescribed by title 28, section 639, United States Code (28 USCA § 639). He is under no obligation to pursue the method authorized by the state statutes. Henning v. Boyle (C. C.) 112 F. 397; Audiffren Refrigerating M. Co. v. General Electric Co. (D. C.) 245 F. 783; Bagdan Milk Co. v. Dairymen's League Co-Op. Ass'n (D. C.) 44 F.(2d) 855.

In the case at bar the method selected is by deposition de bene esse, under title 28, section 639, United States Code (28 USCA § 639).

Where it is sought to take testimony under this section, the court is without power to impose any of the conditions suggested by the moving party.

It is not within the power of the District Court, or of any judge, to deprive a party of the rights accorded him by this section. In re National Equipment Co., 195 F. 488, 115 C. C. A. 398, certiorari denied 225 U. S. 701, 32 S. Ct. 835, 56 L. Ed. 1264.

The following cases cited by the attorney for the defendant all relate to taking testimony by commission, and are not in point: Wallace v. D. Appleton & Co. (C. C.) 161 F. 884; Deery v. Byrne, 120 App. Div. 6, 104 N. Y. S. 836; MacDonald v. Hamilton, 196 App. Div. 914, 188 N. Y. S. 91; Boza v. National Surety Co. (Sup.) 192 N. Y. S. 648.

The motion is denied.