**SPELLMAN v. SULLIVIAN et al. (GOLD-REICH, Intervener).**

No. 36.

Circuit Court of Appeals, Second Circuit.

Nov. 7, 1932.

See, also, 43 F.(2d) 762.

Max Levy, of New York City, for appellants.

Merle I. St. John, of New York City, and Clyde Taylor, of Kansas City, Mo., for plaintiff-appellee.

Borris M. Komar, of New York City, for appellee Goldreich.

Before MANTON, AUGUSTUS N. HAND, and CHASE, Circuit Judges.

MANTON, Circuit Judge.

The appellee Spellman is a judgment creditor of the appellant Sullivian, having recovered a judgment at law for professional services on February 28, 1930. In 1917, Sullivian became the beneficiary, with a life interest, in the income of a trust fund of $50,000, settled for her benefit. She married the settlor of this fund, and he later, in his will, gave her for life the income from a trust fund of $200,000 in lieu of dower. The Bankers' Trust Company is trustee for these two trust funds, which yield this appellant an income in excess of $12,500 per year. The appellant Sullivian has since remarried.

On March 13, 1930, execution was issued on the judgment at law and returned wholly unsatisfied. The appellant Sullivian defended the law action, being present at the trial, and shortly thereafter departed to Europe, where she remained during the time the rest of the proceedings followed. Judgment being unsatisfied, a bill in equity was filed to subject the income of the trusts administered in the Southern district of New York to the claim of the judgment.

On June 18, 1930, an order was obtained by the appellee Spellman, requiring the appellant Sullivian to appear before August 18, 1930, and requiring the publication of this order as a substitute for personal service. On September 20, 1930, Sullivian appeared specially by counsel and moved to vacate the order of publication on the ground that this was not a proper case for service by publication under section 57 of the Judicial Code (28 USCA § 118). This motion was denied. On October 28, 1930, the appellants served an answer reserving her rights to object to the service by publication on appeal. This answer was filed December 26, 1930. On December 16th and 23d, a motion was made to impound the income of the trust. District Judge Woolsey, although not requested by the appellee and over the objections of the appellants, having denied the motion, ordered "that the trial of this action be preferred and the case set for trial peremptorily for February 2, 1931, and the Clerk of this Court is directed to place the same as a preferred case peremptorily as against all parties at the head of the calendar for February 2, 1931." On December 17, 1930, an order was made directing service of a subpœna on the appellant by serving a copy on her attorney in New York City. This apparently was for the purpose of supplying alternative service if service by publication should later be held void. The subpœna was served December 31, 1930.

On January 8, 1931, the appellant Sullivian moved for a commission to take her testimony by deposition in Italy. This motion was heard, and an affidavit in support thereof stated, properly, that ninety days had not elapsed since issue was joined, and that the appellant was ill in Europe and her testimony was necessary on the issue of fact raised by the pleadings. An affidavit in opposition asserted that the appellee would be prejudiced if the commission were granted, since the trial had been set for February 2, 1931. It was suggested that, if the order be granted, it should be only upon condition that it be returned before the date set for trial. The motion came on before another District Judge, who referred it to the District Judge who peremptorily ordered the case tried on February 2, 1931. This District Judge heard the motion and denied the same unconditionally. On January 19, 1931, the appellant Sullivian served a notice in answer to the subpœna served December 31, 1930, in which she alleged that she questioned the propriety of the service of the subpœna. On February 2, 1931, when the cause came on to be heard, an application was made to the District Judge presiding for a continuance until the appellant's testimony might be had either by her presence in court or by a commission to be issued therefor. But the judge presiding felt obliged, in view of the peremptory setting of the case for trial, to deny the application for a continuance. Thereupon counsel for the appellant Sullivian stated that he could do nothing further, and the decree was entered by default. On May 8, 1931, after the decree was entered, appellants moved for a new trial and to open the default, but this motion was denied. This appeal was then allowed.

For the reasons sufficiently stated by Judge Patterson in Spellman v. Sullivian (D. C.) 43 F.(2d) 762, we think that process was properly served under the order entered, pursuant to section 57 of the Judicial Code (28 USCA § 118). The Real Property Law of the state of New York (Consol. Laws, c. 50.) § 98, provides that: "Where a trust is created to receive the rents and profits of real property, and no valid direction for accumulation is given, the surplus of such rents and profits, beyond the sum necessary for the education and support of the beneficiary, shall be liable to the claims of his creditors in the

same manner as other personal property, which can not be reached by execution."

Appellee proceeded under this statute. Section 57 of the Judicial Code (28 USCA § 118) authorizes service by publication in the case of an absent defendant to enforce liens or claims to property within the jurisdiction and confers limited jurisdiction quasi in rem. Here the property against which the lien was asserted was within the territorial limits of the District Court, and the appellee was asserting rights in personam against an absent defendant connected with property within the district. The court properly held this to be a judgment creditor's bill to enforce a claim against the income from the trust and that it warranted service upon the absent judgment debtor by publication. It was properly held that section 57 might be invoked for substituted service by publication even though the lien or claim was not preexisting before the commencement of the suit. The case of Vidal v. South American Securities Co., 276 F. 855 (C. C. A. 2), did not involve the adoption of this principle. That was a suit in personam against an absent defendant; some of the securities concerned in the joint adventure being located in the district, and the court held that such suit was not brought to enforce a lien or claim to the property and dismissed the bill. It referred to the fact that the plaintiff there had not reduced his claim to judgment, but was a general creditor. See Wilson v. Beard, 26 F. (2d) 860 (C. C. A. 2). The statute is limited to suits to enforce a lien or claim on property within the district or to remove a lien, claim, or incumbrance on such property. Such is the basis of the appellee's suit.

The order peremptorily directing the trial of the case on February 2, 1931, as well as the order denying the request for a commission to take appellant Sullivian's testimony by deposition or written interrogatories are here for review. We think both orders were improperly entered. Supreme Court Equity Rule 56 (28 USCA § 723) provides: "After the time has elapsed for taking and filing depositions under these rules, the case shall be placed on the trial calendar."

Equity Rule 47 (28 USCA § 723) provides that depositions of the plaintiff shall be taken and filed within sixty days from the time the cause is at issue, and the defendant's within thirty days from the expiration of the time for the filing of the plaintiff's depositions, and rebutting depositions by either party within twenty days after the time for taking original depositions expires.

The cause is at issue when the answer is filed. Knaggs v. Cleveland-Cliffs Iron Co., 287 F. 314 (C. C. A. 6). The answer was filed here December 26, 1930, and notice in answer to the subpœna served December 31, 1930, was served January 19, 1931. Issue was therefore joined December 26, 1930, as the earliest date. The time issue was joined seems immaterial, because, since it could not have been before December 26, 1930, the ninety days allowed by Equity Rule 47 had not elapsed when the trial occurred in February, 1931. Reading Equity Rules 56 and 47 together, regarding them as mandatory, no case could be placed upon the trial calendar until a total of one hundred and ten days after joining issue had elapsed, but this would be a needless delay in a case where the parties did not seek depositions. The courts have not interpreted these rules as requiring a delay where depositions are not sought by the parties. Kandle v. United States, 4 F.(2d) 183 (C. C. A. 3); Deutsch v. Southern Improvement & Securities Corp. (D. C.) 53 F. (2d) 96. If the parties do not wish to take depositions, the cause may be placed on the trial calendar before the time for taking such depositions has expired. Former Equity Rule 1 of the Southern district of New York, in effect at this time, recognized the practice of placing the case on the trial calendar twenty days after issue, if depositions were not sought. If depositions are sought, the full time given by the Supreme Court Equity Rules is allowed. A District Court could not shorten that time.

The refusal to allow the taking of the testimony of the appellant Sullivian, under the circumstances, requires a reversal of the decree entered. The District Court, to be sure, should be permitted to regulate the order in which cases are to be heard, but may not disregard the rights accorded under equity rules of the Supreme Court. Los Angeles Brush Mfg. Corp. v. James, District Judge, 272 U. S. 701, 47 S. Ct. 286, 71 L. Ed. 481; Anderson v. District Court, etc., 20 F.(2d) 132 (C. C. A. 9). The appellant Sullivian timely moved to take her testimony, because she was ill, either by deposition or written interrogatories. The motion was not objected to on the ground that it was untimely. Former Equity Rule 1, in force at that time, indicates that the practice of requesting a removal of the case from the trial calendar and of moving for a commission, which was followed in this case, was proper. The court refused to remove the case from the trial calendar or to grant a commission.

The appellant did not seek a deposition de bene esse given under Rev. St. § 863 (28 USCA § 639), and obtainable as a matter of absolute right. In re Nat'l Equipment Co., 195 F. 488 (C. C. A. 2); Price & Pierce Ltd. v. Gilson Bros. (D. C.) 58 F.(2d) 768, 769; Henning v. Boyle (C. C.) 112 F. 397. Indeed, this provision does not apply to the depositions taken in foreign countries. Cortes Co. v. Tannhauser (C. C.) 18 F. 667. Nor did the appellant Sullivian appeal to the inherent power of the court to issue letters rogatory, as she might. De Villeneuve v. Morning Journal Asso. (D. C.) 206 F. 70.

The appellant did seek a dedimus potestatem under authority of the Revised Statutes, § 866 (28 USCA § 644) which reads: "In any case where it is necessary, in order to prevent a failure or delay of justice, any of the courts of the United States may grant a dedimus potestatem to take depositions according to common usage. * * * "

The Supreme Court Equity Rules 47 and 56 (28 USCA § 723) and the General Rules 9 and 10 for the Southern District of New York, regulate the practice in taking and filing depositions. From the phrase of the statute, "In any case where it is necessary, in order to prevent a failure or delay of justice, * * * " it is clear that some discretion in the matter of granting a dedimus potestatem rests with the court. Tom Ung Chai v. Burnett, 25 F.(2d) 574 (C. C. A. 9); Marks v. Leo Feist, Inc., 8 F.(2d) 460 (C. C. A. 2); Zych v. Amer. Car & Foundry Co. (C. C.) 127 F. 723. But, if that discretion is abused, it becomes the duty of this court to correct the abuse. Young Bark Yau v. United States, 33 F.(2d) 236 (C. C. A. 9); Todd, etc., Co. v. United States, 32 F.(2d) 734 (C. C. A. 5). In this case, the appellant Sullivian, attended the trial at law wherein the appellee obtained his judgment. After the trial, she departed for a visit to Europe and became seriously ill, as the affidavit sets forth. All this became known to her attorney when he informed her of the commencement of this equity action. The fact that she had suffered from a serious illness prevented her from testifying as to her knowledge of the facts necessary to the defense of her case. She, above all, was essential to establish her status and position in life and her need for the income of the trust fund. Her absence deprived her of a defense. Under these circumstances, the case was improperly peremptorily set for trial and at least should not have been ordered to trial until her testimony had been taken and returned within the allowed time. One of the orders appealed from denied the benefits of very important rights given to the appellant Sullivian, under Rev. St. § 866 (28 USCA § 644), and also denied her the protection of the equity rules. No sufficient reason appeared for the haste of the trial, and the denial of these rights deprived the appellant Sullivian of her day in court. It amounted to an abuse of discretion requiring a reversal of the decree.

While the action was pending, the appellee, Goldreich, intervened as a defendant on her own motion. She set up a cause of action against the appellants similar to that of the appellee Spellman, alleging that she had obtained a judgment against the appellant Sullivian prior to the judgment of the appellee Spellman and had obtained a garnishee's execution under the laws of the state of New York which was then in force and under which she received 10 per cent. of the trust fund on account of her judgment. Since the decree must be reversed and a new trial had, this intervener's decree will be reversed.

Decree reversed.