STREET, SUING ON BEHALF OF HIMSELF AND ALL OTHER SEAMEN ENGAGED IN INTERSTATE AND FOREIGN COMMERCE BY SEA, ETC. *v.* SHIPOWNERS' ASSOCIATION OF THE PACIFIC COAST ET AL.

APPEAL FROM THE DISTRICT COURT OF THE UNITED STATES FOR THE NORTHERN DISTRICT OF CALIFORNIA.

No. 156. Argued November 15, 1923.—Decided November 26, 1923.

Plaintiff, alleging that defendants, as organizations of shipowners, controlled all American vessels in the merchant service operating between the ports of the Pacific Coast in the United States, and between such ports and foreign ports, and collectively employed all seamen engaged in that commerce, attacked the regulations adopted by defendants to govern such employments, upon the

grounds that they dealt with matters covered by the Shipping Commissioners Act and other acts of Congress amendatory and supplemental thereof, trenched-upon the exclusive power of Congress to regulate interstate and foreign commerce, and violated the rights of the plaintiff and other seamen by imposing undue restrictions upon their opportunities to secure engagements, and interfered with competition between them. Upon a motion to dismiss for failure to state a cause of action and for lack of jurisdiction, the District Court, expressing the opinion that the regulations did not violate the act above mentioned or the Anti-Trust Act, and that the plaintiff had no standing to seek the relief prayed, entered a decree dismissing the bill.

*Held,* that the decree was not appealable directly to this Court under § 238, Jud. Code, but should be transferred to the Circuit Court of Appeals under § 238a. P. 340.

Cause transferred to Circuit Court of Appeals.

APPEAL from a decree of the District Court which, on motion, dismissed the bill in a suit to restrain the appellees from enforcing rules adopted by them to regulate the employment of seamen.

*Mr. H. W. Hutton* for appellant.

I. The question of the jurisdiction of the lower court is not here involved.

II. The appeal involves the construction and application of the Constitution of the United States.

Appellees own, operate or control all of the vessels engaged in interstate and foreign commerce on the Pacific Coast; such vessels are one of the instrumentalities of such commerce, the crews are the other, and combined they are engaged in a public service. The Commerce Clause gives Congress the exclusive right to regulate the method of selection, engagement, discharge and all other things relating to the employment of seamen on such vessels, and it has done so. The regulation of such matters by any other authority is an unconstitutional burden on the commerce itself.

Appellant has been engaged as a seaman in such commerce for years; appellees, however, have set up a con-

tinuing refusal to employ him unless he conforms to the rules and regulations they have prescribed. Applying for employment under such circumstances would be an idle act.

Appellees concede the right of an individual to a free market for his labor, but contend that nothing short of a black-list system, maliciously used, or some other malicious combination is a violation of that right. The presence or absence of malice is, however, immaterial. *Gompers* v. *Bucks Stove & Range Co.*, 221 U. S. 418. Any interference with the right of a free market for labor or the carrying on of a business is an invasion of a person's constitutional rights. *Hilton* v. *Eckersley*, 6 Ellis & Bl. 47; *Curran* v. *Galen*, 152 N. Y. 33; *Plant* v. *Woods*, 176 Mass. 492; *Mogul S. S. Co.* v. *McGregor*, 23 Q. B. D. 598; *Erdman* v. *Mitchell*, 207 Pa. St. 79; *Berry* v. *Donovan*, 188 Mass. 353; *Jones* v. *Leslie*, 61 Wash. 107; *People* v. *McFarlin*, 89 N. Y. S. 527; *State* v. *Chapman*, 69 N. J. L. 464; *Slaughter-House Cases*, 16 Wall. 36; *Sailors' Union* v. *Hammond Lumber Co.*, 156 Fed. 454; *Gleason* v. *Thaw*, 185 Fed. 345; *Ritchie* v. *People*, 155 Ill. 98; *Gillespie* v. *People*, 188 Ill. 176.

The rules and regulations commence with the initial selection of the man and continue as long as he is engaged in the business, and, in addition, he must take his turn for employment. The seaman's right to engage freely in interstate and foreign commerce is thus trespassed upon.

But the initial supplying of seamen is within the Commerce Clause. *Patterson* v. *Bark Eudora*, 190 U. S. 169. Such matters are within the exclusive domain of Congress, and, if a State is impotent to obstruct interstate commerce, it cannot be that any mere voluntary association of individuals has a power which the State itself does not possess. *Loewe* v. *Lawlor*, 208 U. S. 303, 304.

III. Seamen are as much an instrument of commerce as the vessels. If they are hindered in their efforts to en-

gage in interstate and foreign commerce, they have a complaint. *United Mine Workers* v. *Coronado Co.,* 259 U. S. 344. Congress has legislated concerning the initial selection of seamen and provided for their discharge and a certificate thereof, Rev. Stats., §§ 4514, 4515, 4549–4551, 4553. Any other mode of performing the same matters must be a restraint, burden and obstruction upon the freedom of those engaged in the business.

*Mr. Warren Olney, Jr.,* with whom *Mr. W. F. Sullivan, Mr. Edward J. McCutchen, Mr. J. M. Mannon, Jr.,* and *Mr. A. Crawford Greene* were on the brief, for appellees.

MR. JUSTICE McKENNA delivered the opinion of the Court.

The case is displayed by the complaint of appellant (he was plaintiff in the court below) as follows: He is a native born resident of California, and a seaman, and has been engaged in interstate and foreign commerce by sea upon vessels plying between ports on the Pacific coast, and between such ports and foreign ports, and is desirous of continuing to work on such vessels.

He is associated by and through an unincorporated association of persons called the International Seamen's Union of America, with over ten thousand other persons working as seamen, and he brings this action in his own behalf and theirs, the acts of which he complains being a matter of common and general interest to him and them.

The Shipowners' Association of the Pacific Coast is a California corporation having its place of business in the City of San Francisco, it being a membership corporation under the laws of the State, composed of every person, firm, corporation or association owning or acting as managing owner of every vessel engaged in interstate and foreign commerce documented in the different offices of

the different Collectors of United States Customs on the Pacific coast.

The Pacific American Steamship Association is a voluntary unincorporated association of individuals and corporations owning and operating vessels flying the American flag and engaged in the merchant service between Pacific coast ports and foreign ports. It has its place of business in San Francisco.

It and the Shipowners' Association control every vessel engaged in the merchant service between such ports and collectively employ all seamen engaged in that service.

On the 1st day of January, 1922, the defendants combined to restrain the freedom of appellant and all other seamen on the Pacific coast to engage in such service, and to compel all seamen who desire to engage in such interstate and foreign trade and commerce each to register and take a number and take his turn for employment according to such number, which frequently prevents seamen of good qualifications and well-known from obtaining employment at once, when, owing to their being well-known among the masters and other officers of vessels and owing to their good qualifications as seamen, they could and would obtain work at once; and as a condition of such employment the Associations also compel all seamen to take and carry a book upon which is printed, among other things, the following:

"Employment Service Bureau:

"Pacific American Steamship Association, Shipowners' Assn. of the Pacific Coast, San Francisco, California.

"This certificate and discharge is issued under the authority of the Pacific American Steamship Association and the Shipowners' Association of the Pacific Coast, and no person will be employed by these associations unless he is registered at their employment offices and has in his possession this Certificate and Discharge.

" The lawful holder of this certificate will deliver it to the master of the vessel when he signs articles of Agreement, and the master will retain the same in his possession until the seaman is discharged or has left the employment.

" To Seamen:

" When you receive this book you will be given a registered number which will be placed in the back of this book. When you leave your ship you must report to the Employment Service Bureau and get a new registered number. This registration number is given you when you apply for a job and has nothing to do with the number printed on the book. A fee will be charged for this book sufficient to cover the cost of the same."

In addition to the foregoing there is required to be written therein certain particulars of identification and the total years of the seaman's experience. His photograph is also required to be attached to the book.

The said matters are regulations of commerce among the several States and with foreign nations, in violation of subdivision 3 of § 8, of Article I, of the Constitution of the United States, and have been fully provided for by the Congress of the United States in the Act of June 7, 1872, c. 322, 17 Stat. 262, commonly known as the Shipping Commissioners Act, and the various acts of Congress amendatory and supplemental thereto, in so far as it is necessary to such commerce that they should be provided for.

The regulations are humiliating to all seamen and the best seamen refuse to abide by them and are leaving the seafaring calling. Appellant refuses to engage in such commerce thereunder and is suffering loss and damage because he cannot obtain employment without obeying them. The Associations threaten to and will continue to enforce the regulations unless restrained. The taking of turns in employment by seamen or being employed ac-

cording to number is destructive of competition among those who wish to engage as seamen, and the regulations trench upon the exclusive right of the Congress of the United States to make such regulations.

Neither appellant nor any other seaman has an adequate remedy at law and an injunction is prayed against the enforcement of the regulations.

. The appellee Associations each filed a motion to dismiss, which expressed in various ways the insufficiency of the complaint to constitute a cause of action, and also that the court had no jurisdiction to hear and determine the suit.

The motions were granted. The court expressed the opinion that the defendants' regulations did not violate the Shipping Commissioners Act (§ 4501, *et seq.* Rev. Stats.), nor the Anti-Trust Law, and held besides that appellant " is not shown to have any standing entitling him to seek in court the general relief for which he prays." And further said, " He is not in a position to vindicate general governmental policies, nor is he ' the agency to establish the public welfare.' "

. A decree was entered dismissing the complaint, to review which this appeal was obtained, and is prosecuted.

. . The assignment of errors attacks the decree with detail of particulars, affirming the sufficiency of the complaint and the grounds of relief which it expresses.

This appeal is direct from the District Court and we encounter at the outset the question of our jurisdiction which is presented by a motion to dismiss the appeal. According to § 238 of the Judicial Code, appeal or error may be prosecuted from the District Court when their jurisdiction is in issue; in prize cases; in any case that involves the construction or application of the Constitution of the United States; in any case in which the constitutionality of any law of the United States, or the validity or construction of any treaty is drawn in question; in

any case in which the constitution or law of a State is claimed to be in contravention of the Constitution of the United States.

It is manifest that the present case falls within none of the enumerated cases whether the regulations of the Associations be regarded as an exercise of the power which, it is contended, Congress alone possesses; or which has been conferred upon the Shipping Commission, or be regarded as violations of the Anti-Trust Law.

If, however, appellant received a justiciable injury from the regulations which the judgment of the District Court did not recognize, review of that action must be through the Circuit Court of Appeals for the Ninth Circuit and, therefore, in compliance with § 238(a) of the Judicial Code [1] (42 Stat. 837), the case must be transferred to that court.

*So ordered.*

---

[1] " If an appeal or writ of error has been or shall be taken to, or issued out of, any circuit court of appeals in a case wherein such appeal or writ of error should have been taken to or issued out of the Supreme Court; or if an appeal or writ of error has been or shall be taken to, or issued out of, the Supreme Court in a case wherein such appeal or writ of error should have been taken to, or issued out of, a circuit court of appeals, such appeal or writ of error shall not for such reason be dismissed, but shall be transferred to the proper court, . . ."