## ANDERSON v. SHIPOWNERS' ASS'N OF PACIFIC COAST et al.

(Circuit Court of Appeals, Ninth Circuit. January 18, 1926.)

No. 4682.

1. **Courts ⬥289—Practice of shipowners' association held not violation of commerce or anti-trust statutes, so as to give federal courts jurisdiction.**

Practice of shipowners' association in refusing to employ seamen not registered *held* not restraint of interstate or foreign commerce, or violation of Sherman Act (Comp. St. § 8820 et seq.), Clayton Act, § 16 (Comp. St. § 8835o), or other federal act, so as to give federal courts jurisdiction of injunction suit, under Judicial Code, § 24 (8), (23), being Comp. St. § 991 (8), (23).

2. **Courts ⬥284—Practice of shipowners' association held not violative of statute relative to seamen's shipping contract, so as to give federal courts jurisdiction.**

Practices of shipowners' association in refusing to employ seamen, not registered *held* not violative of Rev. St. §§ 4508, 4514, 4515, 4551, 4612 (Comp. St. §§ 8297, 8304, 8305, 8340, 8392), relating to shipping contracts, so as to give federal courts jurisdiction of suit to enjoin such practice.

Appeal from the District Court of the United States for the Southern Division of the Northern District of California; John S. Partridge, Judge.

Suit by Cornelius Anderson against the Shipowners' Association of the Pacific Coast and another. Decree for defendants, and plaintiff appeals. Affirmed.

Appellant, hereinafter called plaintiff, sues on behalf of himself and all other sea-

men employed in interstate and foreign commerce by sea on American merchant vessels sailing to and from Pacific Coast ports of the United States. He seeks to enjoin certain practices of appellees, hereinafter called the defendants, in the employment of seamen, on the ground that these practices constitute a restraint of interstate and foreign commerce. The District Court sustained defendants' motion to dismiss.

H. W. Hutton, of San Francisco, Cal., for appellant.

Chauncey F. Eldridge and George O. Bahrs, both of San Francisco, Cal., for appellees.

Before HUNT, RUDKIN, and McCAMANT, Circuit Judges.

McCAMANT, Circuit Judge (after stating the facts as above). The practices sought to be enjoined are stated with some fullness in the opinion of this court in the suit brought by Alfred Street against these same defendants, 299 F. 5; also in the opinion of the Supreme Court in the same case, 263 U. S. 334, 44 S. Ct. 119, 68 L. Ed. 326. It is charged that the defendants control every vessel flying the American flag, and engaged in the carrying of passengers and cargo between Pacific Coast ports and other American and foreign ports; that they have established a system for registering seamen, and that it is impossible for a seaman not registered with them to secure employment. Plaintiff alleges that on the 15th of June, 1925, he applied at the offices of the defendants in San Francisco for employment as a seaman, and was refused employment because he did not have the registration papers required by the defendants' rules. It is alleged that on the 18th of June plaintiff was employed by the mate of the steamship Caddopeak; that defendants interfered with plaintiff's contract of employment and caused his employer to dispense with his services, to plaintiff's damage in the sum of $135.

[1] Defendants challenge the jurisdiction of the federal courts. It is conceded that the jurisdiction cannot rest on diversity of citizenship, because the amount in controversy is less than $3,000. Pinel v. Pinel, 240 U. S. 594, 596, 597, 36 S. Ct. 416, 60 L. Ed. 817. Plaintiff relies on section 24 of the Judicial Code (section 991, Comp. Stat.) subds. 8 and 23. These statutes are as follows:

"The District Courts shall have original jurisdiction as follows: * * *

"Eighth. Of all suits and proceedings arising under any law regulating commerce,

except those suits and proceedings exclusive jurisdiction of which has been conferred upon the Commerce Court. * * *

"Twenty-third. Of all suits and proceedings arising under any law to protect trade and commerce against restraints and monopolies."

Plaintiff also relies on section 16 of the Clayton Act (section 8835o, Comp. Stat.), which is in part as follows:

"Any person, firm, corporation, or association shall be entitled to sue for and have injunctive relief, in any court of the United States having jurisdiction over the parties, against threatened loss or damage by a violation of the antitrust laws."

It is not alleged that the purpose of the practice complained of is the restraint of interstate or foreign commerce. It is contended that less capable men are employed on vessels than would be employed if the officers of the vessels looked after the employment of seamen. This result is alleged to follow from defendants' practice of employing seamen in the order in which they apply for work. This is at most an indirect and incidental impediment to the transaction of interstate commerce. The conduct complained of falls without the inhibition of the Sherman Act (Comp. St. § 8820 et seq.), the Clayton Act (Comp. St. § 8835a et seq.), and the federal anti-trust acts generally. Street v. Shipowners' Association (C. C. A.) 299 F. 5; Tilbury v. Oregon Stevedoring Co., Inc. (C. C. A.) 7 F.(2d) 1. The law applicable to this contention of plaintiff has been stated by this court so clearly and so recently in these decisions that it would serve no good purpose to restate the law and cite in this opinion the cases construing the federal anti-trust laws.

It is sought to distinguish the Street Case on the ground that it was not alleged that plaintiff therein had applied for employment and been refused. This allegation, however, is found in the bill of complaint in the Tilbury Case, which was adjudged insufficient by the District Court for Oregon and by this court.

[2] It is also contended that the practices complained of violate the federal statutes defining the manner in which seamen are to be employed and the nature of the shipping contract. Sections 4508, 4514, 4515, 4551 and 4612, R. S. (sections 8297, 8304, 8305, 8340 and 8392, Comp. Stat.). The registration of seamen by the defendants and the arrangements made for their employment are preliminary to the execution of the form of contract required by the statute. It does not

appear from the bill that the defendants have taken seamen to sea without the execution before a commissioner of the statutory contract, or that defendants have otherwise violated the above statutes.

If plaintiff has a cause of action, it is not cognizable in the federal courts. The decree is affirmed.