ANDERSON v. SOUTHERN DIVISION OF THE DISTRICT COURT OF THE UNITED STATES IN AND FOR THE NORTHERN DISTRICT OF CALIFORNIA et al.

Circuit Court of Appeals, Ninth Circuit.
June 13, 1927.

Rehearing Denied June 27, 1927.

No. 5186.

1. Courts ⬉352(2)—Time for placing cases on trial calender is governed by District Court rules (equity rule 56).

Equity rule 56, providing that, after expiration of time for taking and filing depositions, the case shall be placed on the trial calendar, does not require it to be placed on the calendar immediately regardless of the rules of the District Court.

2. Courts ⬉352(2)—Time for hearing case subject to rules and discretion of District Court.

An equity case, which is not in condition to be put on the calendar when the calendar for the term is made up, but which becomes at issue and ready for hearing during the term, is not necessarily to be set for hearing during such term, but the matter is subject to the rules of the District Court and the discretion of that court.

Mandamus. Petition of Cornelius Anderson for writ of mandamus, directed to the United States District Court for the Southern Division of the Northern District of California and A. F. St. Sure, one of the Judges of that court. Petition denied.

H. W. Hutton, of San Francisco, Cal., for petitioner.

Before HUNT, RUDKIN, and DIETRICH, Circuit Judges.

PER CURIAM. Petitioner applied for a writ to require the judge of the District Court to put equity cause, Anderson et al. v. Shipowners' Association et al., on the March, 1927, calendar for trial at that term. The nature and history of the cause will be found in Anderson v. Shipowners' Association (C. C. A.) 10 F.(2d) 96; Id., 272 U. S. 359, 47 S. Ct. 125, 71 L. Ed. ——.

Petitioner sets forth that the case, after it was in the District Court pursuant to the remand of the Supreme Court, became at issue on the pleadings on February 14, 1927, and was on the term calendar of the District Court on March 7, 1927, to be set for trial in compliance with the rules of that court; that plaintiff asked for a day to be set when trial could be had, after the time for taking depositions would expire, but that the court declined to set the case, and, after continuing the same for a week, again declined to set a day for the hearing; that on March 5, 1927, plaintiff notified defendants that he would not take any depositions; that the 30 days in which the defendants could take depositions expired on April 4, 1927; that 109 days have elapsed since the cause became at issue by the filing of defendants' answer; that on April 11, more than 30 days after the time in which plaintiff could take depositions had expired, plaintiff moved the court to put the case on the trial calendar for trial, but that the motion was taken under advisement by the District Judge, who stated that he would set the case when he had decided some matters relating to interrogatories then pending; that no action has been taken on the motion to set the case or to decide the interrogatories.

Petitioner, after pleading equity rule 47, prescribing the time for taking depositions, sets forth that no order has been made by the court relating to the depositions, that plaintiff waived his time and notified defendants that he would not take depositions, and that but one deposition was taken by defendants, of the taking of which 44 days' notice was given.

[1] It is evident that the petitioner construes rule 56 of the Equity Rules as requiring that, after the time has elapsed for taking and filing depositions under the rules, the case shall be placed on the calendar for trial without regard to any rules of the District Court regulating the time and manner of making up its trial calendar. We do not so interpret rule 56. Thus in the present instance—we speak from the averments of the petition—although the cause was at issue upon the pleadings in February, 1927, nevertheless, when the March term of the District Court for the Northern District of California, fixed by statute (section 1057, Comp. St.) to be held at San Francisco the first Monday in March, commenced, the time for taking depositions had not elapsed. That being so, the cause was not in a condition to go, as a matter of right, on the March term calendar then being proceeded with.

[2] Of course, it was the duty of the clerk to put it upon the general trial calendar to take its place for hearing upon the call of a calendar to be made up some time after April 11, as the rules of the court might pro-

vide; that is to say, an equity case which is not in a condition to be put upon the calendar when the calendar for a term is made up, but which becomes at issue and ready for hearing during the term, is not necessarily to be set for hearing during such term. It may be heard as the judge in his discretion may order, having due regard for the business of the court. While the main purpose of equity rule 56 is to secure expedition in hearing cases, still, in effectuating that purpose the court may observe such reasonable rules as it has adopted to fix a time for the hearing of causes on the calendar.

We are therefore of opinion that whether or not the cause should have been definitely set for hearing during the March term was a matter subject to the rules of the District Court and the discretion of that court; and furthermore, in the absence of clear affirmative showing that the action of the lower court, in taking under advisement plaintiff's motion to set the cause on the calendar for trial during the March term, has been in any respect arbitrary or unjust, we think it would be entirely improper for this court to issue any order in the premises.

The petition is dismissed.